1  Joseph H. Harrington
2  United States Attorney
   Eastern District of Washington
3  George J.C. Jacobs III
4  Assistant United States Attorney
   Post Office Box 1494
5  Spokane, WA 99210-1494
6  Telephone:  (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 1 8 2018

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

7
8                  UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF WASHINGTON
9
10   UNITED STATES OF AMERICA,              **2:18-CR-232-TOR**

11                     Plaintiff,            INDICTMENT

12           v.                             Vio:  18 U.S.C. §§ 1341, 2
13                                                Mail Fraud
14   WILLIAM OLDHAM MIZE,                         (Counts 1 – 8, 10 - 13, 16,
     SANDRA VICTORIA TALENTO,                     18 – 24, 26 - 72)
15   WILLIAM OLDHAM MIZE,
16   ANGELA DAWN TARDY,                           18 U.S.C. §§ 1343, 2
17   RYAN FOLKS PARK,                             Wire Fraud
     MISAEL REYES-TAJIMAROA,                      (Counts 9, 14, 15, 17, 25)
18   JESSICA ALEXANDRA GONZALEZ,
19   BONNIE JEAN BONNEY,                          18 U.S.C. §§ 1341, 1343, 1346
     BRITTANY JO HARRIS,                          Conspiracy to Commit Mail
20   KIMBERLY RITA BOITO,                         Fraud and Wire Fraud
21   CHRISTOPHER JOSEPH                           (Count 73)
     FRANGELLA,
22   RICHARD RONALD WELLS,                        18 U.S.C. §§ 1347, 1349
23   ALEXANDER ARCEO,                             Conspiracy to Commit Health
24   RAUL A. GONZALEZ,                            Care Fraud
     TERESA ANN GONZALEZ,                         (Count 74)
25   MICHELE LEE SMITH,
26   MATTHEW DAVID CARTER,                        18 U.S.C. § 1957
27   JOSE EVERARDO MEZA-AMEZCUA,                  Monetary Transactions in
     STEPHANIE STOCK,                             Property Derived from
28   MICHAEL ADAM WHITE,                          Specified Unlawful Activity
                                                 (Counts 75 – 100)

INDICTMENT – 1
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

1  JASON ALLAN WESTFALL, and
2  RANDY CARL SHARP,

3               Defendants.

18 U.S.C. §§ 1957, 1956(h)
Conspiracy to Conduct
Monetary Transactions in
Property Derived from
Specified Unlawful Activity
(Count 101)

Forfeiture Allegations
18 U.S.C. §§ 981(a)(1)(A),
(C); 18 U.S.C. §§ 982(a)(1),
(7); 28 U.S.C. § 2461(c); 21
U.S.C. § 853(p)

The Grand Jury charges:

At all times relevant and material to this Indictment:

### INTRODUCTORY ALLEGATIONS

Real Persons and False Names Used

1.    Defendant WILLIAM OLDHAM MIZE (hereinafter "MIZE [-1]") resided in Spokane County, Washington and Clark County, Nevada.  In furtherance of the scheme and artifice set forth in this Indictment, MIZE [-1] used the following names:  "Phillip Novak," "Phillip Gonzalez," "Phillip Boito," "Bill Babaian," "Bill Park," "William Park," "William Talento," "William Westfall," "Phillip Amezcua," "Phillip Smith," "William Smith," "Will Smith," "William Frangella," "William Tardy," "William Sharp," "Phillip Tardy," and "Chad Harris."

2.    Defendant SANDRA VICTORIA TALENTO (hereinafter "TALENTO") resided in Spokane County, Washington, and Clark County, Nevada. TALENTO and MIZE [-1] resided together at various times as a married couple.  In furtherance of the scheme and artifice set forth in this Indictment, TALENTO used the following names:  "Victoria Talento," "Victoria Francis Kramer," "Rita Victoria

INDICTMENT – 2
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

1  Boito," "Rita Gonzalez," "Ryann Sandra Park," "Eve S. Novak," and "Elizabeth

2  Wenzl."

3      3.      Defendant WILLIAM OLDHAM MIZE (hereinafter "MIZE [-3]")

4  resided at various times in Spokane County, Washington, and Clark County,

5  Nevada. MIZE [-3] is MIZE [-1]'s son. In furtherance of the scheme and artifice

6  set forth in this Indictment, MIZE [-3] used the following name: "Allan W.

7  Westfall."

8      4.      Defendant ANGELA DAWN TARDY (hereinafter "TARDY") resided

9  in Clark County, Nevada. TARDY is MIZE's daughter.

10      5.      Defendant RYAN FOLKS PARK (hereinafter "PARK") resided at

11  various times in Spokane County, Washington, and Clark County, Nevada. In

12  furtherance of the scheme and artifice set forth in this Indictment, PARK used the

13  following names: "Ryan Folks," "Ryan Robert Folks," "Roberto Ryan Gonzalez,"

14  "Michael Ryan White," "Michael Ryan Smith," "Kaden Wenzl," and "Joseph Ryan

15  Frangella."

16      6.      Defendant MISAEL REYES-TAJIMAROA (hereinafter "REYES-

17  TAJIMAROA") resided at various times in Spokane County, Washington, and Clark

18  County, Nevada. In furtherance of the scheme and artifice set forth in this

19  Indictment, REYES-TAJIMAROA used the following names: "Misael Andrade-

20  Tajimaroa," "Alexander Jesse Gonzalez," "Alexander Misael Gonzalez,"

21  "Alexander B. Gonzalez," "Jesse Gonzalez," "Brian Andrade," "Misael Andrade,"

22  "Andrade Tajimaroa," "Tajimaroa Andrade," "Jose Brian Amezcua," "Angel

23  Tardy," and "Andrew Arceo."

24      7.      Defendant JESSICA ALEXANDRA GONZALEZ (hereinafter

25  "JESSICA GONZALEZ") resided at various times in Spokane County, Washington,

26  and Clark County, Nevada. In furtherance of the scheme and artifice set forth in this

27  Indictment, JESSICA GONZALEZ used the name "Jessica Martinez."

INDICTMENT – 3

8.     Defendant KIMBERLY RITA BOITO (hereinafter "BOITO") resided in Spokane County, Washington.

9.     Defendant BRITTANY JO HARRIS (hereinafter "HARRIS") resided at various times in Spokane County, Washington, and Clark County, Nevada.   In furtherance of the scheme and artifice set forth in this Indictment, HARRIS used the name: "Brittany Clarkson."

10.     Defendant BONNIE JEAN BONNEY (hereinafter "BONNEY") resided in El Dorado County, California.

11.     Defendant MATTHEW DAVID CARTER (hereinafter "CARTER") resided in Clark County, Nevada.

12.     Defendant CHRISTOPHER JOSEPH FRANGELLA (hereinafter "FRANGELLA") resided at various times in Spokane County, Washington, and Clark County, Nevada.

13.     Defendant RICHARD RONALD WELLS (hereinafter "WELLS") resided in Spokane County, Washington, and Coeur d'Alene, Idaho.

14.     Defendant ALEXANDER ARCEO (hereinafter "ARCEO") resided at various times in Los Angeles County, California, and Spokane, Washington.

15.     Defendant RAUL A. GONZALEZ (hereinafter "RAUL GONZALEZ") resided in Spokane County, Washington.  In furtherance of the scheme and artifice set forth in this Indictment, RAUL GONZALEZ used the name "Angel Gonzalez."

16.     Defendant TERESA ANN GONZALEZ (hereinafter "TERESA GONZALEZ") resided in Spokane County, Washington. TERESA GONZALEZ and RAUL GONZALEZ were a married couple.

17.     Defendant MICHELE LEE SMITH (hereinafter "SMITH") resided in Spokane County, Washington.  In furtherance of the scheme and artifice set forth in this Indictment, SMITH used the name "Shelley Smith."

INDICTMENT – 4

18. Defendant JOSE EVERADO MEZA-AMEZCUA (hereinafter "MEZA-AMEZCUA") resided in Clark County, Nevada.

19. Defendant STEPHANIE STOCK (hereinafter "STOCK") resided in Santa Clara County, California.

20. Defendant MICHAEL ADAM WHITE (hereinafter "WHITE") resided in Clark County, Nevada.

21. Defendant JASON ALLAN WESTFALL (hereinafter "WESTFALL") resided in Clark County, Nevada.

22. Defendant RANDY CARL SHARP (hereinafter, "SHARP"), resided in Clark County, Nevada.

<u>Insurance Companies</u>

23. Allstate Insurance Group and its members, including Allstate Insurance Company ("Allstate") of Northbrook, Illinois, and Esurance Property and Casualty Insurance Company ("Esurance") of San Francisco, California, were in the business of offering automobile insurance to customers in California, Washington and Nevada.

24. AMERCO, the parent company of U-Haul, and its members, including Repwest Insurance Company ("Repwest"), of Phoenix, Arizona, were in the business of offering insurance for U-Haul and U-Haul's customers and dealers.

25. Amica Mutual Group and its members, including Amica Mutual Insurance Company ("Amica"), of Lincoln, Rhode Island, were in the business of offering automobile insurance to customers in Washington and Nevada. Amica provided health care benefit programs that provided coverage for bodily injuries sustained from accidents caused by automobiles covered under Amica insurance policies.

26. Berkshire Hathaway Insurance Group and its members, including GEICO Casualty Company, GEICO General Insurance Company, and GEICO

INDICTMENT – 5

S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

Indemnity Company of Chevy Chase, Maryland ("GEICO") were in the business of offering automobile insurance to customers in Washington and Nevada. GEICO provided health care benefit programs that provided coverage for bodily injuries sustained from accidents caused by automobiles covered under GEICO insurance policies.

27.     CSAA Insurance Group and its members, including AAA Nevada Fire & Casualty and AAA Insurance ("CSAA/AAA") of Walnut Creek, California, were in the business of offering homeowners and automobile insurance to customers in California, Washington and Nevada. CSAA provided health care benefit programs that provided coverage for bodily injuries sustained from accidents caused by automobiles covered under CSAA insurance policies.

28.     Liberty Mutual Group and its members, including Liberty Mutual Insurance Company ("Liberty Mutual") of Boston, Massachusetts, and Safeco Insurance ("Safeco") of Seattle, Washington, were in the business of offering automobile and homeowners insurance to customers in California, Washington, and Nevada. Liberty Mutual provided health care benefit programs that provided coverage for bodily injuries sustained from accidents covered under Liberty Mutual insurance policies.

29.     MAPFRE Group and its members, including American Commerce Insurance ("American Commerce") of Columbus, Ohio, were in the business of offering homeowners insurance to customers in Washington and Nevada.

30.     MetLife Auto & Home Group and its members, including Metropolitan Property and Casualty Insurance Company ("MetLife"), of Warwick, Rhode Island, were in the business of offering automobile insurance to customers in Washington and Nevada.

31.     Nationwide Insurance Companies, and its members, including Allied Insurance Company ("Allied Insurance") of Des Moines, Iowa, and Nationwide

INDICTMENT – 6
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

Mutual Insurance Company ("Nationwide") of Columbus, Ohio, and AMCO Insurance Company were in the business of offering automobile and boat insurance to customers in California, Washington and Nevada.

32.     Progressive Group of Insurance Companies ("Progressive") of Mayfield, Ohio, were in the business of offering automobile insurance to customers in Washington and Nevada. Progressive provided health care benefit programs that provided coverage for bodily injuries sustained from accidents caused by automobiles covered under Progressive insurance policies.

33.     State Farm Group and its members, including State Farm Mutual Automobile Insurance Company ("State Farm"), of Bloomington, Illinois, were in the business of offering automobile insurance to customers in California, Washington, and Nevada. State Farm provided health care benefit programs that provided coverage for bodily injuries sustained from accidents caused by automobiles covered under State Farm insurance policies.

34.     The Hartford Financial Services Group ("Hartford") of Hartford, Connecticut, was in the business of offering automobile insurance to customers in Washington and Nevada.

35.     The Hertz Corporation ("Hertz) was a rental car company headquartered in Estero, Florida, which offered automobile coverage to its rental car customers in Nevada and elsewhere.

36.     The Travelers Companies, Inc. ("Travelers") of New York City, New York, was in the business of offering automobile, boat and yacht insurance to customers in Washington and Nevada.

37.     United Services Automobile Association ("USAA") and its members, including USAA General Indemnity Company, of San Antonio, Texas, was in the business of offering automobile insurance to its customers in Washington and Nevada.

INDICTMENT – 7

38.    First National Insurance Group ("First National Insurance") of Lawrenceville, Georgia, was an independent insurance and financial services agency that represented regional and national insurance carriers and products, including automobile and homeowner insurance.

39.    Farmers Insurance Exchange ("Farmers") of California, was in the business of offering automobile insurance to customers in Washington and Nevada.

### Financial Institutions

40.    Wells Fargo Bank ("WFB") was federally insured by the Federal Deposit Insurance Corporation.  Defendants MIZE [-1], WELLS, and PARK, held accounts at WFB.

41.    JP Morgan Chase Bank ("JPMC") was federally insured by the Federal Deposit Insurance Corporation.  Defendants MIZE [-1], REYES-TAJIMAROA, JESSICA GONZALEZ, TALENTO, TARDY, and BOITO held accounts at JPMC.

42.    Bank of America ("BOA") was federally insured by the Federal Deposit Insurance Corporation. Defendants MIZE [-1], REYES-TAJIMAROA, and TALENTO, held accounts at BOA.

43.    City National Bank ("CNB") was federally insured by the Federal Deposit Insurance Corporation.  Defendant MIZE [-1] held an accounts at CNB.

44.    Umpqua Bank ("UB") was federally insured by the Federal Deposit Insurance Corporation.  Defendants MIZE [-1] and TALENTO held accounts at UB.

45.    Banner Bank was federally insured by the Federal Deposit Insurance Corporation.  Defendants MIZE [-1], TALENTO, and BOTIO held accounts at BB.

46.    Bank of Nevada ("BON") was federally insured by the Federal Deposit Insurance Corporation.  Defendant MIZE [-1] held an account at BON.

47.    Scottrade ("Scottrade") was a discount broker in securities and provided other financial services to its clients.  MIZE [-1] held accounts at Scotttrade.

INDICTMENT – 8
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

## GENERAL ALLEGATIONS

### The Scheme and Artifice to Defraud

48.    Beginning on or about a date unknown to the Grand Jury, but by no later than September 11, 2013, and continuing through on or about April 12, 2018, in the Eastern District of Washington and elsewhere, the Defendants MIZE [-1], TALENTO, MIZE [-3], TARDY, REYES-TAJIMAROA, PARK, BOITO, HARRIS, JESSICA GONZALEZ, BONNEY, WELLS, ARCEO, FRANGELLA, RAUL GONZALEZ, TERESA GONZALEZ, MEZA-AMEZCUA, SMITH, CARTER, STOCK, WHITE, WESTFALL and SHARP (as identified in each count below) did knowingly and willfully engage in a scheme to defraud insurance companies (hereinafter "victim insurance companies") and to obtain money from these companies by means of materially false and fraudulent pretenses, representations, and promises.

49.    The object of the scheme and artifice to defraud was for the Defendants and their co-conspirators to enrich themselves by defrauding the victim insurance companies through filing and collecting payment on fraudulent insurance claims for property damage, wage loss, and bodily injury.

### Manner and Means

50.    The manner and means utilized by the Defendants to accomplish the object of the scheme and artifice to defraud included the following:

51.    The Defendants deliberately staged a series of automobile, boating, stair fall, pedestrian/vehicle and other accidents in the Eastern District of Washington, District of Idaho, District of Nevada, and Eastern District of California. MIZE [-1], TALENTO and their co-conspirators were involved in approximately 33 staged accidents, several of which are described in more detail below. MIZE [-1], TALENTO and their co-conspirators staged approximately 6 accidents per year. A high percentage of the planned automobile crashes were two-vehicle accidents on

INDICTMENT – 9

1    remote roads and at night where there were no witnesses other than the co-
2    conspirator occupants of the intentionally crashed vehicles.

3    52.    In furtherance of the scheme and artifice to defraud, a co-conspirator
4    would allow MIZE [-1] to use his or her vehicle for the purpose of staging an
5    automobile accident and obtaining an insurance payout.    MIZE [-1] would
6    deliberately drive the pre-planned "at fault" vehicle into the pre-planned "no fault"
7    vehicle at a pre-planned location.    MIZE [-1] would then exit the vehicle he
8    purposely crashed and be driven away from the staged accident scene in a third
9    vehicle before police and emergency personnel arrived.    Another co-conspirator
10   would falsely represent that he or she was the driver of the "at fault" vehicle and
11   caused the accident.
12
13   53.    Prior to a staged accident, MIZE [-1] purposely inflicted injuries on a
14   co-conspirator to mislead responders and insurance companies into believing the co-
15   conspirator was injured in the accident and to increase insurance payouts.  MIZE [-
16   1] required co-conspirators to urinate in a bottle and pour urine on their clothing to
17   create the false and misleading impression that a co-conspirator suffered a loss of
18   consciousness.

19   54.    In at least two staged accidents, MIZE [-1] also played injured victim.
20   In those two staged accidents, MIZE [-1] immediately got into the "no fault" victim
21   vehicle after he deliberately crashed another vehicle into it.   When police and
22   emergency personnel arrived, MIZE [-1] misled them and the insurance company
23   into believing he was an injured victim-occupant in the "no fault" vehicle.
24
25   55.    The Defendants made and caused to be made false material
26   representations to police, emergency and medical personnel, and insurance company
27   representatives about the manner in which the accident occurred and the cause,
28   nature and extent of their injuries.

INDICTMENT – 10
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

56.    Often using fake names and identities, the Defendants would sign and send documents to victim insurance companies appointing MIZE [-1], who also used fake names and identities depending on the accident, as their "representative" or "power of attorney" in connection with the fraudulent insurance claims.

57.    After each staged accident, the Defendants submitted and caused to be submitted fraudulent property damage, wage loss, medical, and bodily injury claims with victim insurance companies.  To conceal the fraudulent nature of the scheme, the Defendants often used fictitious names, false and misleading identification documents, misleading social security numbers, dates of birth, employment and salary information, fictitious familial relationships, and email addresses.  The Defendants falsely claimed that they suffered head, knee, shoulder and other injuries from the staged accidents.

58.    The Defendants communicated with the victim insurance companies about the fraudulent claims via interstate telephone calls, facsimiles, emails, and mailings.

59.    In furtherance of the fraudulent scheme, the Defendants sought follow-up emergency room and medical treatment for fictitious and fabricated accident symptoms and injuries.  Acting as a co-conspirator's "representative," MIZE [-1] would compile and submit to the victim insurance companies false and misleading medical and billing records to increase the settlement payouts he negotiated on a co-conspirator's behalf.

60.    In furtherance of the scheme, MIZE [-1] instructed a co-conspirator to accompany the co-conspirator who was playing injured accident victim to the hospital and have them falsely represent that he or she was experiencing concussion-related symptoms caused by the accident, when in truth and fact there were no such injuries or symptoms.

61.     In furtherance of the scheme, on or about January 27, 2014, BOITO rented mailbox #109 at the UPS Store located at 1818 West Francis Avenue, Spokane, Washington. On or about April 3, 2014, PARK became an authorized user of mailbox #109.

62.     In furtherance of the scheme, on or about July 2, 2014, REYES-TAJIMAROA, using a fabricated Nevada driver's license in the name of "Brian Jesse Gonzalez," rented mailbox #102 at the UPS Store located at 1324 North Liberty Lake Road, Liberty Lake, Washington. MIZE [-1] (as "Bill Park") sent by facsimile to the UPS Store a second form of false identification on REYES-TAJIMAROA's behalf.

63.     During the claim process for the staged accidents, the Defendants made and caused to be made various false representations to the victim insurance companies, including as to (a) the conditions that caused the crash or accident; (b) who was driving at the time of the crash; (c) the true identities of the individuals involved; (d) the income and employment status of the individuals involved; and (e) whether and to what extent they suffered injuries as a result of the staged automobile or other accident.

64.     The Defendants collected payouts on their fraudulent claims from the victim insurance companies. For his role planning the details of a staged accident, and acting as a co-conspirator's "representative" to the victim insurance companies, MIZE [-1] received a significant portion of the monies paid on the fraudulent claims. The amount of money a co-conspirator received depended on the role MIZE [-1] had them play in a staged accident.

65.     The Defendants staged some accidents as a fraudulent way to induce insurance companies to pay for medical treatment for a pre-existing injury, totally unrelated to and not caused by the accident.

INDICTMENT – 12
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

66.    The Defendants caused victim insurance companies to issue payments to them via mailed check and wire transfer to settle fraudulent bodily injury, wage loss, and property damage claims arising from staged accidents.

67.    In furtherance of the scheme to defraud, the Defendants caused victim insurance companies to pay out over $6 million as a result of their fraudulent staged accident claims.

COUNTS 1 – 3

(Mail Fraud)

*September 11, 2013, Staged Automobile Accident*

68.    Paragraphs 1, 2, 15, 19, 27, 33, 48 - 50, 52, 55, 57, 58, 63, 64 and 66 of the Indictment are realleged and incorporated herein as though set forth fully herein.

69.    On or about September 11, 2013, MIZE, TALENTO, RAUL GONZALEZ and STOCK staged an accident at the intersection of West Horizon Ridge Parkway and Cielo Abierto Way in Henderson, Nevada. The staged accident involved a 1997 Toyota 4Runner registered to and insured by STOCK being purposely driven into a 2001 Jaguar XK8 registered to MIZE [-1] and insured by MIZE [-1]. RAUL GONZALEZ was in the driver's seat and TALENTO was in the front passenger seat of the 2001 Jaguar XK8. MIZE [-1], TALENTO, RAUL GONZALEZ and STOCK subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident. MIZE [-1] sent insurance claim documents on behalf of TALENTO, RAUL GONZALEZ and STOCK, knowing that they were false. In exchange for releasing their claims, MIZE [-1], TALENTO, RAUL GONZALEZ and STOCK received settlement payouts totaling approximately $257,157.62 from State Farm and CSAA.

INDICTMENT – 13
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

70.     On or about the date listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be delivered, through the United States Mail, the mail matter described below, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 1 | 1/21/2014 | State Farm check no. 576386 payable to "Sandra Talento" in the amount of $820.15 mailed to "Sandra Talento" into the State of Washington from State Farm outside the State of Washington | MIZE [-1], TALENTO, RAUL GONZALEZ, STOCK |
| 2 | 1/21/2014 | State Farm check no. 576354 payable to "Raul Gonzalez" in the amount of $691.71 mailed to "Raul Gonzalez" into the State of Washington from State Farm outside the State of Washington | MIZE [-1], TALENTO, RAUL GONZALEZ, STOCK |
| 3 | 5/22/2014 | Letter and State Farm check no. 672307 payable to "Raul Gonzalez" in the amount of $175,000 mailed to "Raul Gonzalez" into the State of Washington from State Farm outside the State of Washington | MIZE [-1], TALENTO, RAUL GONZALEZ, STOCK |

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

INDICTMENT – 14
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

COUNTS 4-5

(Mail Fraud)

*October 19, 2013, Staged Stair Fall Accident*

71.     Paragraphs 1, 3, 28, 48 – 50, 53, 55 – 60, 63, 64, and 66 of the Indictment are realleged and incorporated herein as though set forth fully herein.

72.     On or about October 19, 2013, MIZE [-1], MIZE [-3] and an unindicted co-conspirator (hereinafter, "UCC-1") staged a stair fall accident at UCC-1's residence in California.  MIZE [-1] (as "William Westfall") and MIZE [-3] (as "Allan W. Westfall") subsequently filed a fraudulent insurance claim for MIZE [-3] (as "Allan W. Westfall") in which they falsely represented and adopted each other's false representations that, among other things, the accident occurred because UCC-1's large dog jumped on, or knocked forward, MIZE [-3] (as "Allan W. Westfall"), causing him to fall down 8-10 stairs.  MIZE [-1] (as "William Westfall"), MIZE [-3] (as "Allan W. Westfall"), UCC-1 and another unindicted co-conspirator (hereinafter, "UCC-2") falsely represented that MIZE [-3] (as "Allan W. Westfall") suffered serious head and other injures from the accident.  Before emergency personnel arrived, MIZE [-3] poured urine on MIZE [-3]'s clothing to falsely create the impression that MIZE [-3] (as "Allan W. Westfall") suffered a loss of consciousness or a seizure.  MIZE [-1] (as "William Westfall") and MIZE [-3] (as "Allan W. Westfall") submitted insurance claim documents, knowing they were false.  In exchange for releasing his claim, on or about June 6, 2014, MIZE [-3] (as "Allan W. Westfall") received a settlement payout from Liberty Mutual of approximately $175,000.00.

73.     On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below and UCC-1 and UCC-2 knowingly caused to be delivered, and aided and abetted

INDICTMENT – 15

S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

each other and others known and unknown to the Grand Jury to cause to be delivered, through the United States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendant |
|-------|--------------------------|-------------|-----------|
| 4 | 3/10/2014 | Settlement Demand Letter of $235,000 for "Allan Westfall" and supporting documents mailed from within the State of Washington to Liberty Mutual Insurance Company outside the State of Washington | MIZE [-1], MIZE [-3] |
| 5 | 5/27/2014 | Release and Settlement of "Allan Westfall's" claim mailed from within the State of Washington to Liberty Mutual Insurance Company outside the State of Washington | MIZE [-1], MIZE [-3] |

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

## COUNT 6

(Mail Fraud)

*November 12, 2013, Staged Parking Lot Accident*

74.     Paragraphs 1, 6, 12, 26, 48 – 50, 55 - 58, 63, 64 and 66 of this Indictment are realleged and incorporated as though fully set forth herein.

75.     On or about November 12, 2013, MIZE [-1], REYES-TAJIMAROA and FRANGELLA staged an accident in the parking lot of a business located at 10345 South Eastern Avenue in Henderson, Nevada. The staged accident involved a 1997 Yukon registered to and insured by FRANGELLA being purposely driven into REYES-TAJIMAROA who was loading groceries in a Mercedes Benz registered to UCC-2 and insured by UCC-2. MIZE [-1] and REYES-TAJIMAROA (as "Tajimaroa Andrade") subsequently filed a fraudulent

INDICTMENT – 16
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

insurance claim in which they falsely represented and adopted each others false representations that, among other things, they were involved in an accident and REYES-TAJIMAROA (as "Tajimaroa Andrade") suffered bodily injury and wage loss as a result of the accident.  After the staged accident, MIZE [-1]sent insurance claim documents on behalf of REYES-TAJIMAROA a/k/a "Tajimaroa Andrade," knowing that they were false.  In exchange for releasing his claim, MIZE [-1] and REYES-TAJIMAROA (as "Andrade Tajimaroa") received a settlement payout totaling approximately $100,000.00 from GEICO.

76.    On or about the date listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be delivered, through the United States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|-------|--------------------------|-------------|------------|
| 6 | 1/22/2014 | Settlement Demand Letter requesting $100,000 policy limits for "Andrade Tajimaroa" and medical and billing records, notes, lost income and employer letters mailed from within the State of Washington to GEICO outside the State of Washington | MIZE [-1], REYES-TAJIMAROA, FRANGELLA |

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

INDICTMENT – 17
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

COUNTS 7-8

(Mail Fraud)

*March 16, 2014, Staged Automobile Accident*

77.     Paragraphs 1, 2, 4, 6, 26, 27, 48 – 50, 52, 53, 55 – 59, and 63 – 66 of the Indictment are realleged and incorporated as though set forth fully herein.

78.     On or about March 16, 2014, MIZE [-1], TALENTO, REYES-TAJIMAROA, TARDY, UCC-2, and another unindicted co-conspirator (hereinafter, "UCC-3") staged an accident at the intersection of Executive Airport Drive and Executive Terminal Drive in Henderson, Nevada. MIZE [-1] purposely drove a 2008 Chrysler Sebring convertible registered to and insured by TARDY into a stationary 2006 Mercedes Benz E500 registered to UCC-2 and insured by UCC-2. UCC-3 was in the driver's seat, TALENTO was in the front passenger seat, and REYES-TAJIMAROA was in the backseat of the 2006 Mercedes Benz E500. After the crash, MIZE [-1] exited from the Chrysler Sebring and left in a third vehicle before law enforcement officers arrived. TARDY falsely represented that she was driving the Chrysler Sebring at the time of the crash and how the crash occurred. TALENTO (as "Victoria Francis Kramer"), REYES-TAJIMAROA (as "Jesse Gonzalez"), and UCC-3 subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, that they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident. After the staged accident, TARDY, TALENTO (as "Victoria Francis Kramer"), REYES-TAJIMAROA (as "Jesse Gonzalez"), and UCC-3 made false representations during recorded telephonic interviews with the insurance company. MIZE [-1] (as "Bill Babaian") submitted insurance claim documents on behalf of TARDY, TALENTO, REYES-TAJIMAROA and UCC-3, knowing that they were false. In exchange for releasing their claims, MIZE [-1], TARDY, TALENTO, REYES-TAJIMAROA, and UCC-3

INDICTMENT – 18

received settlement payouts totaling approximately $226,209.56 from AAA, CSAA and GEICO.

79.    On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below and UCC-2 and UCC-3 knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be delivered, through the United States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendant |
|-------|--------------------------|-------------|-----------|
| 7 | 4/2/2014 | Letter confirming agreement to settle "Victoria Kramer's" Bodily Injury Claim for $50,000 and Release in Full of All Claims mailed to "Victoria Kramer" into the State of Washington from GEICO outside the State of Washington | MIZE [-1], TALENTO, TARDY, REYES-TAJIMAROA |
| 8 | 4/8/2014 | GEICO check no. 167480429, payable to "Victoria Kramer," in the amount of $50,000 mailed to "Victoria Kramer" into the State of Washington from GEICO outside the State of Washington | MIZE [-1], TALENTO, TARDY, REYES-TAJIMAROA |

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

INDICTMENT – 19
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

## COUNT 9

### (Wire Fraud)

*March 16, 2014, Staged Automobile Accident*

80.     Paragraph 1, 2, 4, 6, 26, 27, 48 – 50, 52, 53, 55 – 59, 63 – 66, and 78 of the Indictment are realleged and incorporated herein as though set forth fully herein.

81.     On or about the date listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below  knowingly caused to be transmitted, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be transmitted, in interstate commerce by means of wire communications certain signs, signals, and sounds, as follows:

| COUNT | Approximate Date | Description of Interstate Wire | Defendants |
|---|---|---|---|
| 9 | 4/3/2014 | Release in Full of All Claims regarding "Angela Tardy" and GEICO sent via facsimile from "Vicky Kramer" within the State of Washington to GEICO outside the State of Washington | MIZE [-1], TALENTO, TARDY, REYES-TAJIMAROA |

All in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.

## COUNTS 10-13

### (Mail Fraud)

*May 18, 2014, Staged Automobile Accident*

82.     Paragraphs 1, 5, 6, 8, 10, 31, 48 – 50, 52, 53, 55 – 58, 61, 63, 64 and 66 of this Indictment are realleged and incorporated as though fully set forth herein.

83.     On or about May 18, 2014, MIZE [-1], REYES-TAJIMAROA, PARK, BOITO and BONNEY staged an accident at the intersection of South Shingle Road

INDICTMENT – 20
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

and Sunset Lane in Shingle Springs, California. The staged accident involved a 2003 Saturn Vue registered to and insured by BONNEY being purposely driven into a 2003 Ford Mustang registered to and insured by BOITO. REYES-TAJIMAROA (as "Alexander Jesse Gonzalez") PARK (as "Michael Ryan White") BOITO and BONNEY subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident. After the staged accident, MIZE [-1] (as "Bill Park") sent insurance claim documents on behalf of REYES-TAJIMAROA (as "Alexander Jesse Gonzalez"), PARK (as "Michael Ryan White") BOITO, and BONNEY, knowing that they were false. In exchange for releasing their claims, MIZE (as "Bill Park"), REYES-TAJIMAROA (as "Alexander Jesse Gonzalez"), PARK (as "Michael Ryan White"), BOITO and BONNEY received settlement payouts totaling approximately $296,826.75 from Nationwide and AMCO.

84.    On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be delivered, through the United States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 10 | 6/5/2014 | Letter confirming $12,000 payment for total loss of vehicle mailed to Kimberly Boito into the State of Washington from | MIZE [-1], REYES-TAJIMAROA, PARK, BOITO, BONNEY |

INDICTMENT – 21
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

| | | | |
|---|---|---|---|
| | | Nationwide/AMCO outside the State of Washington | |
| 11 | 8/28/2014 | Settlement Demand Letter requesting $100,000 policy limits for Michael White, Alexander Gonzales and Kimberly Boito and medical and billing records, notes, lost income and employer letters mailed from within the State of Washington to AMCO outside the State of Washington | MIZE [-1], REYES-TAJIMAROA, PARK, BOITO, BONNEY |
| 12 | 9/16/2014 | Nationwide check no. 03967091 payable to "Alexander Gonzalez" in the amount of $100,000 mailed to "Alexander Gonzalez" into the State of Washington from Nationwide outside the State of Washington | MIZE [-1], REYES-TAJIMAROA, PARK, BOITO, BONNEY |
| 13 | 9/16/2014 | Nationwide check no. 03967101 payable to "Michael White" in the amount of $100,000 mailed to "Michael White" into the State of Washington from Nationwide outside the State of Washington | MIZE [-1], REYES-TAJIMAROA, PARK, BOITO, BONNEY |

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

INDICTMENT – 22
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

COUNTS 14-15

(Wire Fraud)

*May 18, 2014, Staged Automobile Accident*

85.     Paragraphs 1, 5, 6, 8, 10, 31, 48 – 50, 52, 53, 55 – 58, 61, 63, 64, 66 and 83 of the Indictment are realleged and incorporated herein as though set forth fully herein.

86.     On or about the date listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be transmitted, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be transmitted, in interstate commerce by means of wire communications certain signs, signals, and sounds, as follows:

| COUNT | Approximate Date | Description of Interstate Wire | Defendants |
|---|---|---|---|
| 14 | 6/9/2014 | $12,000 sent via interstate wire to "Kimberly Rita Boito" into the State of Washington from Nationwide outside the State of Washington | MIZE [-1], PARK, REYES-TAJIMAROA, BOITO, BONNEY |
| 15 | 10/1/2014 | $80,000 sent via interstate wire to "Kimberly Rita Boito" into the State of Washington from Nationwide outside the State of Washington | MIZE [-1], TALENTO, PARK, REYES-TAJIMAROA, BOITO, BONNEY |

All in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.

INDICTMENT – 23
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

## COUNT 16

### (Mail Fraud)

*May 20, 2014, Staged Stair Fall Accident*

87.　　Paragraphs 1, 2, 5, 27, 48 – 50, 55 – 59, 61, 63, 64 and 66 of this Indictment are realleged and incorporated as though fully set forth herein.

88.　　On or about May 20, 2014, MIZE [-1], TALENTO, and an unindicted co-conspirator (hereinafter, "UCC-4") staged a stair fall accident in UCC-4's residence in California.

89.　　MIZE [-1] (as "Bill Park"), TALENTO (as "Ryann Sandra Park") and UCC-4 subsequently filed a fraudulent insurance claim for TALENTO (as "Ryann Sandra Park") in which they falsely represented and adopted each other's false representations that, among other things, the accident occurred because UCC-4's large dog jumped in front of TALENTO causing her to fall down 8 stairs. MIZE [-1] (as "Bill Park"), TALENTO (as "Ryann Sandra Park") and UCC-4 falsely represented that TALENTO (as "Ryann Sandra Park") suffered bodily injury and wage loss as a result of the accident. MIZE [-1] (as "Bill Park") submitted insurance claim documents on behalf of TALENTO (as "Ryann Sandra Park"), knowing they were false. In exchange for releasing her claim, TALENTO (as "Ryann Sandra Park") and MIZE [-1] (as "Bill Park") received a settlement payout from CSAA of approximately $86,000.

90.　　On or about the date listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below and UCC-4 knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be delivered, through the United States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 16 | 2/19/2015 | CSAA check no. 0714483983 payable to "Ryann Park" in the amount of $85,000 mailed to "Ryann Park" into the State of Washington from CSAA outside the State of Washington | MIZE [-1], TALENTO, PARK |

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

COUNT 17

(Wire Fraud)

*May 20, 2014, Staged Stair Fall Accident*

91.    Paragraphs 1, 2, 5, 27, 48 – 50, 55 – 59, 61, 63, 64, 66, 88 and 89 of the Indictment are realleged and incorporated herein as though set forth fully herein.

92.    On or about the date listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below and UCC-4, knowingly caused to be transmitted, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be transmitted, in interstate commerce by means of wire communications certain signs, signals, and sounds, as follows:

| COUNT | Approximate Date | Description of Interstate Wire | Defendants |
|---|---|---|---|
| 17 | 2/12/2015 | Release of All Claims for Bodily Injury Only sent via facsimile within the State of Washington to CSAA outside the State of Washington | MIZE [-1], TALENTO, PARK |

All in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.

INDICTMENT – 25
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

## COUNT 18

### (Mail Fraud)

### *September 23, 2014, Staged Parking Lot Accident*

93.　　Paragraphs 1, 2, 6, 17, 34, 48 - 50, 55 – 58, 63, 64 and 66 of this Indictment are realleged and incorporated as though fully set forth herein.

94.　　On or about September 23, 2014, MIZE [-1], TALENTO, REYES-TAJIMAROA and SMITH staged an accident in the parking lot of a business located 2975 East 29th Avenue in Spokane, Washington.  The staged accident involved a 2003 Toyota Sequoia registered to and insured by SMITH being purposely driven into REYES-TAJIMAROA who was loading groceries in a 2007 Jaguar registered to and insured by MIZE [-1].  MIZE [-1] (as "Phillip Tardy"), TALENTO, REYES-TAJIMAROA (as "Angel Tardy") and SMITH subsequently filed a fraudulent insurance claim in which they falsely represented and adopted each others false representations that, among other things, they were involved in an accident and REYES-TAJIMAROA (as "Angel Tardy") suffered bodily injury and wage loss as a result of the accident.  After the staged accident, MIZE [-1] (as "Phillip Tardy") sent insurance claim documents on behalf of TALENTO and REYES-TAJIMAROA (as "Angel Tardy"), knowing that they were false.  In exchange for releasing his claim, MIZE (as "Phillip Tardy"), TALENTO, REYES-TAJIMAROA (as "Angel Tardy") and SMITH received a settlement payout totaling approximately $100,000.00 from Hartford.

95.　　On or about the date listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be delivered, through the United

INDICTMENT – 26
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 18 | 11/24/2014 | Settlement Demand Letter requesting $100,000 policy limits for "Angel Tardy" and medical, billing, lost income and employer records mailed from within the State of Washington to Hartford outside the State of Washington | MIZE [-1], TALENTO, REYES-TAJIMAROA, SMITH |

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

### COUNTS 19-24

### (Mail Fraud)

*September 28, 2014, Staged Automobile Accident*

96.    Paragraphs 1, 2, 5, 7, 15, 21, 26, 30, 48 – 50, 52, 55 – 58, 62 – 64 and 66 of this Indictment are realleged and incorporated as though fully set forth herein.

97.    On or about September 28, 2014, MIZE [-1], TALENTO, PARK, JESSICA GONZALEZ, RAUL GONZALEZ and WESTFALL staged an accident at the intersection of Volunteer Boulevard and Gillespie Street in Las Vegas, Nevada. The staged accident involved a 2001 BMW 530I registered to and insured by WESTFALL being purposely driven into a 2006 Land Rover registered to and insured by JESSICA GONZALEZ. TALENTO was in the driver's seat, RAUL GONZALEZ was in the front passenger seat, and PARK was in the left rear passenger seat. PARK (as "Roberto Ryan Gonzalez"), RAUL GONZALEZ (as "Angel Juan Gonzalez") and WESTFALL subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident.

INDICTMENT – 27
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

After the staged accident, MIZE [-1] (as "Phillip Gonzalez") sent insurance claim documents on behalf of TALENTO, PARK (as "Roberto Ryan Gonzalez"), RAUL GONZALEZ (as "Angel Juan Gonzalez") and WESTFALL, knowing that they were false.  In exchange for releasing their claims, MIZE [-1] (as "Phillip Gonzalez"), TALENTO, PARK (as "Roberto Ryan Gonzalez"), JESSICA GONZALEZ, RAUL GONZALEZ (as "Angel Juan Gonzalez") and WESTFALL received settlement payouts totaling approximately $289,981.22 from MetLife and GEICO. .

98.     On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be delivered, through the United States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 19 | 2/27/2015 | GEICO check no. 172484506 payable to "Roberto Gonzalez" in the amount of $10,000 mailed to "Roberto Gonzalez" into the State of Washington from GEICO outside the State of Washington | MIZE [-1], TALENTO, PARK, JESSICA GONZALEZ, RAUL GONZALEZ, WESTFALL |
| 20 | 2/27/2015 | GEICO check no. 172483607 payable to "Angel J. Gonzalez" in the amount of $10,000 mailed to "Angel J. Gonzalez" into the State of Washington from GEICO outside the State of Washington | MIZE [-1], TALENTO, PARK, JESSICA GONZALEZ, RAUL GONZALEZ, WESTFALL |

INDICTMENT – 28

| 21 | 2/27/2015 | GEICO check no. 172484507 payable to "Sandi Talento" in the amount of $10,000 mailed to "Sandi Talento" into the State of Washington from GEICO outside the State of Washington | MIZE [-1], TALENTO, PARK, JESSICA GONZALEZ, RAUL GONZALEZ, WESTFALL |
|---|---|---|---|
| 22 | 4/9/2015 | MetLife check no. 007889602 payable to "Angel Gonzalez" in the amount of $100,000 mailed to "Angel Gonzalez" into the State of Washington from MetLife outside the State of Washington | MIZE [-1], TALENTO, PARK, JESSICA GONZALEZ, RAUL GONZALEZ, WESTFALL |
| 23 | 4/15/2015 | MetLife check no. 007905819 payable to "Roberto Gonzalez" in the amount of $63,000 mailed to "Roberto Gonzalez" into the State of Washington from MetLife outside the State of Washington | MIZE [-1], TALENTO, PARK, JESSICA GONZALEZ, RAUL GONZALEZ, WESTFALL |
| 24 | 4/15/2015 | MetLife check no. 007905818 payable to "Sandi Talento" in the amount of $57,000 mailed to "Sandi Talento" into the State of Washington from MetLife outside the State of Washington | MIZE [-1], TALENTO, PARK, JESSICA GONZALEZ, RAUL GONZALEZ, WESTFALL |

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

INDICTMENT – 29
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

## COUNT 25

### (Wire Fraud)

*September 28, 2014, Staged Automobile Accident*

99.      Paragraphs 1, 2, 5, 7, 15, 21, 26, 30, 48 – 50, 52, 55 – 58, 62 – 64, 66, and 97 of the Indictment are realleged and incorporated herein as though set forth fully herein.

100.      On or about the date listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be transmitted, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be transmitted, in interstate commerce by means of wire communications certain signs, signals, and sounds, as follows:

| COUNT | Approximate Date | Description of Interstate Wire | Defendants |
|-------|------------------|--------------------------------|------------|
| 25 | 4/21/2015 | Full and Final Release of All Claims sent via facsimile from within the State of Washington to MetLife outside the State of Washington | MIZE [-1], TALENTO, |

All in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.

### COUNTS 26-34

### (Mail Fraud)

*January 5, 2015, Staged Automobile Accident*

101.      Paragraphs 1, 2, 5, 8, 20, 32, 37, 48 – 50, 52, 55 – 58, 63, 64 and 66 of this Indictment are realleged and incorporated as though fully set forth herein.

102.      On or about January 5, 2015, MIZE [-1], TALENTO, PARK, BOITO and WHITE staged an accident at the intersection of Callahan Avenue and Annie Oakley Drive in Las Vegas, Nevada.  The staged accident involved a 2014 Kia Forte

INDICTMENT – 30
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

registered to and insured by WHITE being purposely driven into a 2005 Jaguar registered to and insured by BOITO. TALENTO (as "Rita Boito") PARK (as "Ryan Folks") and BOITO subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident. After the staged accident, MIZE [-1] (as "Phillip Boito") sent insurance claim documents on behalf of TALENTO (as "Rita Boito"), PARK (as "Ryan Folks") and BOITO, knowing that they were false. In exchange for releasing their claims, MIZE [-1] (as "Phillip Boito"), TALENTO (as "Rita Boito"), PARK (as "Ryan Folks") and BOITO received settlement payouts totaling approximately $379,416.37 from USAA and Progressive.

103.    On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be delivered, through the United States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 26 | 5/7/2015 | Reservation of Rights Letter regarding personal injury protection claim mailed to "Rita Boito" into the State of Washington from Progressive outside the State of Washington | MIZE [-1], TALENTO, PARK, BOITO, WHITE |

| 27 | 5/7/2015 | Reservation of Rights Letter regarding personal injury protection claim mailed to "Ryan Folks" into the State of Washington from Progressive outside the State of Washington | MIZE [-1], TALENTO, PARK, BOITO, WHITE |
| 28 | 5/7/2015 | Reservation of Rights Letter regarding personal injury protection claim mailed to "Kimberly Boito" into the State of Washington from Progressive outside the State of Washington | MIZE [-1], TALENTO, PARK, BOITO, WHITE |
| 29 | 5/18/2015 | Progressive check no. 2008403807 payable to "Rita Boito" in the amount of $10,000 mailed to "Rita Boito" into the State of Washington from Progressive outside the State of Washington | MIZE [-1], TALENTO, PARK, BOITO, WHITE |
| 30 | 6/3/2015 | Correspondence, Release of All Claims and Hold Harmless Agreement, and Medicare Affidavits mailed from within the State of Washington to USAA outside the State of Washington | MIZE [-1], TALENTO, PARK, BOITO, WHITE |
| 31 | 7/27/2015 | Progressive check no. 2009118476 payable to "Rita Boito" in the amount of $4,800 mailed to "Rita Boito" into the State of Washington from Progressive outside the State of Washington | MIZE [-1], TALENTO, PARK, BOITO, WHITE |

INDICTMENT – 32

| 32 | 8/9/2015 | Progressive check no. 2009251946 payable to "Rita Boito" in the amount of $1,680 mailed to "Rita Boito" into the State of Washington from Progressive outside the State of Washington | MIZE [-1], TALENTO, PARK, BOITO, WHITE |
|----|----------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----------------------------------------|
| 33 | 8/19/2015 | Medical Records regarding "Rita Boito" mailed from within the State of Washington to USAA outside the State of Washington | MIZE [-1], TALENTO, PARK, BOITO, WHITE |
| 34 | 9/8/2015 | Progressive check no. 2770679022 payable to "Rita Boito" in the amount of $50,000 mailed to Rita Boito into the State of Washington from Progressive outside the State of Washington | MIZE [-1], TALENTO, PARK, BOITO, WHITE |

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

## COUNT 35

(Mail Fraud)

*February 16, 2015, Staged Automobile Accident*

104.     Paragraphs 1, 6, 18, 32, 33, 48 – 50, 52 – 58, 63, 64 and 66 of this Indictment are realleged and incorporated as though fully set forth herein.

105.     On or about February 16, 2015, MIZE [-1], REYES-TAJIMAROA, MEZA-AMEZCUA and UCC-3 staged an accident at the intersection of Las Vegas Boulevard and Starr Avenue in Las Vegas, Nevada.  MIZE [-1] purposely drove a 2003 Toyota Sequoia registered to UCC-3 and insured by a member of UCC-3's family into a stationary 2004 Bentley Arnage registered to and insured by MIZE [-1].  UCC-3 was in the back seat of the Toyota Sequoia at MIZE [-1]'s instructions. MEZA-AMEZCUA and REYES-TAJIMAROA were in the 2004 Bentley Arnage.

INDICTMENT – 33
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

After the crash, MIZE [-1] exited the Toyota Sequoia and entered the 2004 Bentley Arnage before law enforcement officers and emergency personnel arrived, staging that he was an injured passenger in the Bentley. At MIZE [-1]'s instructions, UCC-3 falsely represented that he was driving the Toyota Sequoia at the time of the crash and how the crash occurred. MIZE [-1], REYES-TAJIMAROA (as "Alexander Gonzalez"), MEZA-AMEZCUA and UCC-3 subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, the accident was caused by UCC-3 when he grabbed a CD from the passenger seat and went a little off the road when he saw a shadow. MIZE [-1], REYES-TAJIMAROA (as "Alexander Gonzalez") and MEZA-AMEZCUA further falsely represented that they suffered injuries as a result of the accident. After the staged accident, MIZE [-1] submitted insurance claim documents on his own behalf and on behalf of REYES-TAJIMAROA (as "Alexander Gonzalez") MEZA-AMEZCUA, and UCC-3, knowing that they were false. In exchange for releasing their claims, MIZE [-1], REYES-TAJIMAROA (as "Alexander Gonzalez") MEZA-AMEZCUA, and UCC-3 received settlement payouts totaling approximately $375,572.52 from State Farm Insurance and Progressive Insurance Company.

106.    On or about the date listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below and UCC-3 knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be delivered, through the United States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

INDICTMENT – 34
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

| COUNT | Approximate Mailing Date | Description | Defendants |
|-------|--------------------------|-------------|------------|
| 35 | 8/31/2015 | Settlement Demand Letter of $100,000 for Jose Meza-Amezcua and supporting documents mailed from within the State of Washington to Progressive Insurance Company outside the State of Washington | MIZE [-1], REYES-TAJIMAROA, MEZA-AMEZCUA, |

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

COUNTS 36-38

(Mail Fraud)

*June 17, 2015, Staged Automobile Accident*

107. Paragraphs 1, 5, 6, 10, 11, 23, 32, 48 – 50, 52, 55 – 58, 63, 64 and 66 of this Indictment are realleged and incorporated as though fully set forth herein.

108. On or about June 17, 2015, MIZE [-1], PARK, BONNEY, REYES-TAJIMAROA and CARTER staged an accident at the intersection of East Post Road and Annie Oakley Drive in Las Vegas, Nevada. MIZE [-1] purposely drove a 2004 Cadillac Escalade registered to and insured by PARK into a 2004 Mercedes Benz ML350 registered to and insured by BONNEY. CARTER was in the driver's seat, BONNEY was in the front passenger, and REYES-TAJIMAROA was in the back seat of the 2004 Mercedes Benz ML 350. MIZE [-1] (as "Phillip Amezcua"), PARK, BONNEY, REYES-TAJIMAROA (as "Jose Brian Amezcua") and CARTER subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, they were involved in an accident caused by PARK when he was attempting to light a cigarette while driving the Cadillac Escalade. MIZE [-1] (as "Phillip Amezcua"), PARK, BONNEY, REYES-TAJIMAROA (as "Jose Brian Amezcua") and CARTER further

INDICTMENT – 35
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

falsely represented that they suffered injuries, wage loss, and property damage, as a result of the accident. After the staged accident, MIZE [-1] (as "Phillip Amezcua") submitted insurance claim documents on behalf of PARK, BONNEY, REYES-TAJIMAROA (as "Jose Brian Amezcua") and CARTER, knowing that they were false. In exchange for releasing their claims, MIZE (as "Phillip Amezcua"), PARK, BONNEY, REYES-TAJIMAROA (as "Jose Brian Amezcua") and CARTER received settlement payouts totaling approximately $286,495.80 from Allstate Insurance Company and Progressive Insurance Company.

109. On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be delivered, through the United States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|-------|--------------------------|-------------|------------|
| 36 | 6/29/2015 | Progressive check no. 2770400399 payable to Ryan Park in the amount of $12,647.44 mailed to Ryan Park into the State of Washington from Progressive outside the State of Washington | MIZE [-1], PARK, REYES-TAJIMAROA, BONNEY, CARTER |
| 37 | 8/11/2015 | Medical Billing, notes and records for Matthew Carter, Bonnie Bonney, and "Jose Brian Amezcua" mailed from within the State of Washington to Med Central Birmingham (Allstate Insurance) outside the State of Washington | MIZE [-1], PARK, REYES-TAJIMAROA, BONNEY, CARTER |

INDICTMENT – 36

| 38 | 9/23/2015 | Progressive check no. 2770762714 payable to Ryan Park in the amount of $10,000 mailed to Ryan Park into the State of Washington from Progressive outside the State of Washington | MIZE [-1], PARK, REYES-TAJIMAROA, BONNEY, CARTER |
|----|-----------|---|---|

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

## COUNTS 39-46

### (Mail Fraud)

*May 6, 2016, Staged Automobile Accident*

110.     Paragraphs 1, 2, 5, 16, 17, 37, 48 – 50, 52, 55 – 58, 63, 64 and 66 of this Indictment are realleged and incorporated as though fully set forth herein.

111.     On or about May 6, 2016, MIZE [-1], TALENTO, PARK, TERESA GONZALEZ and SMITH staged an accident at the intersection of West Trails Road and North Flint Road in Spokane, Washington.  The staged accident involved a 2000 Jeep Cherokee registered to and insured by TERESA GONZALEZ being purposely driven into a 2003 Toyota Sequoia registered to and insured by SMITH.  TALENTO (as "Elizabeth Wenzl") PARK (as "Kaden Wenzl"), TERESA GONZALEZ, and SMITH subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident.  After the staged accident, MIZE [-1] (as "William Smith") sent insurance claim documents on behalf of TALENTO (as "Elizabeth Wenzl"), PARK (as "Kaden Wenzl"), TERESA GONZALEZ, and SMITH, knowing that they were false.  In exchange for releasing their claims, MIZE [-1] (as "William Smith"), TALENTO (as "Elizabeth Wenzl"), PARK (as "Kaden Wenzl"),

INDICTMENT – 37
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

TERESA GONZALEZ, and SMITH received settlement payouts totaling approximately $236,324.93 from USAA.

112.    On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be delivered, through the United States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|-------|--------------------------|-------------|------------|
| 39 | 6/3/2016 | USAA Request for Claim Information mailed to "Elizabeth Wenzl" into the State of Washington from USAA outside the State of Washington | MIZE [-1], TALENTO, PARK, TERESA GONZALEZ, SMITH |
| 40 | 6/3/2016 | USAA Request for Claim Information mailed to "Kaden Wenzl" into the State of Washington from USAA outside the State of Washington | MIZE [-1], TALENTO, PARK, TERESA GONZALEZ, SMITH |
| 41 | 6/3/2016 | USAA Request for Claim Information mailed to "Shelly L. Smith" into the State of Washington from USAA outside the State of Washington | MIZE [-1], TALENTO, PARK, TERESA GONZALEZ, SMITH |
| 42 | 8/17/2016 | Settlement packet for "Elizabeth Wenzl" mailed from within the State of Washington to USAA outside the State of Washington | MIZE [-1], TALENTO, PARK, TERESA GONZALEZ, SMITH |

| 43 | 9/21/2016 | USAA check no. 0016151583 payable to "Elizabeth Wenzl" in the amount of $50,000 mailed to "Elizabeth Wenzl" into the State of Washington from USAA outside the State of Washington | MIZE [-1], TALENTO, PARK, TERESA GONZALEZ, SMITH |
| 44 | 10/3/2016 | Auto policy limits disclosure request mailed from within the State of Washington to USAA outside the State of Washington | MIZE [-1], TALENTO, PARK, TERESA GONZALEZ, SMITH |
| 45 | 10/11/2016 | Settlement packet for "Kaden Wenzl" mailed from within the State of Washington to USAA outside the State of Washington | MIZE [-1], TALENTO, PARK, TERESA GONZALEZ, SMITH |
| 46 | 1/24/2017 | USAA check no. 0017341183 payable to "Michele Smith" in the amount of $98,165.00 mailed to "Michele Smith" into the State of Washington from USAA outside the State of Washington | MIZE [-1], TALENTO, PARK, TERESA GONZALEZ, SMITH |

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

COUNTS 47-51

(Mail Fraud)

*September 21, 2016, Staged Automobile Accident*

113.    Paragraphs 1, 6, 9, 10, 13, 14, 27, 48 – 50, 52, 55 – 58, 59, 63, 64 and 66 of this Indictment are realleged and incorporated as though fully set forth herein.

114.    On or about September 21, 2016, MIZE, REYES-TAJIMAROA, HARRIS, BONNEY, ARCEO, and two unindicted co-conspirators (hereinafter, "UCC-5" and "UCC-6") staged an accident at the intersection of Ponderosa Road

INDICTMENT – 39

S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

and Cactus Way in Recuse, California. The staged accident involved a 2007 BMW registered to and insured by UCC-5 and UCC-6 being purposely driven into a 2005 Land Rover registered to and insured by HARRIS. REYES-TAJIMAROA (as "Andrew Arceo"), HARRIS, ARCEO and UCC-5 and UCC-6 subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident. After the staged accident, MIZE [-1] (as "Chad Harris") sent insurance claim documents on behalf of REYES-TAJIMAROA (as "Andrew Arceo"), HARRIS and ARCEO, knowing that they were false. In exchange for releasing their claims, MIZE [-1] (as "Chad Harris"), REYES-TAJIMAROA (as "Andrew Arceo") HARRIS, ARCEO, UCC-5 and UCC-6 received settlement payouts totaling approximately $312,838.20 from CSAA and Amica.

115.    On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below and UCC-5 and UCC-6 knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be delivered, through the United States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 47 | 2/21/2017 | CSAA (AAA Insurance) check no. 715893270 payable to Brittany Harris and Chad Harris in the amount of $100,000 mailed to Brittany Harris into the State of Washington from CSAA (AAA Insurance) outside the State of Washington | MIZE [-1], REYES-TAJIMAROA, HARRIS, ARCEO, BONNEY, WELLS |

INDICTMENT – 40
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

| 48 | 2/21/2017 | CSAA (AAA Insurance) check no. 715893271 payable to Andrew Arceo and R. Ronald Wells in the amount of $90,000 mailed to Andrew Arceo into the State of Washington from CSAA (AAA Insurance) outside the State of Washington | MIZE [-1], REYES-TAJIMAROA, HARRIS, ARCEO, BONNEY, WELLS |
|---|---|---|---|
| 49 | 2/28/2017 | CSAA (AAA Insurance) check no. 715908961 payable to Alexander Arceo and R. Ronald Wells in the amount of $62,500 mailed to Alexander Arceo into the State of Washington from CSAA (AAA Insurance) outside the State of Washington | MIZE [-1], REYES-TAJIMAROA, HARRIS, ARCEO, BONNEY, WELLS |
| 50 | 3/21/2017 | Amica check no. 6434038 payable to Andrew Arceo in the amount of $10,000 mailed to Andrew Arceo into the State of Washington from Amica outside the State of Washington | MIZE [-1], REYES-TAJIMAROA, HARRIS, ARCEO, BONNEY, WELLS |
| 51 | 4/4/2017 | Amica check no. 143176 payable to Alexander Arceo in the amount of $10,000 mailed to Alexander Arceo into the State of Washington from Amica outside the State of Washington | MIZE [-1], REYES-TAJIMAROA, HARRIS, ARCEO, BONNEY, WELLS |

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

COUNTS 52-60

(Mail Fraud)

*October 16, 2016, Staged Automobile/Boat Accident*

116.     Paragraphs 1, 2, 12, 13, 28, 48 – 50, 52, 54, 55, 57, 58, 63, 64 and 66 of this Indictment are realleged and incorporated as though fully set forth herein.

INDICTMENT – 41
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

117.    On or about October 16, 2016, MIZE [-1], TALENTO, WELLS, FRANGELLA and others known and unknown to the Grand Jury staged an accident on Appleway in Liberty Lake, Washington.  The staged accident involved a 2015 Ram 3500 truck registered to and insured by WELLS being purposely driven into a 2005 Ford F250 truck registered to and insured by FRANGELLA that was towing a 2005 Baja boat and trailer registered to MIZE [-1]. MIZE [-1], TALENTO (as "Victoria Talento"), FRANGELLA and WELLS  subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, they were involved in an accident.  MIZE [-1], TALENTO (as "Victoria Talento"), FRANGELLA and WELLS further falsely represented that they suffered injuries as a result of the accident.  After the staged accident, MIZE [-1] sent insurance claim documents on behalf of himself, TALENTO (as "Victoria Talento"), FRANGELLA and WELLS, knowing that they were false.   In exchange for releasing their claims, MIZE [-1], TALENTO (as"Victoria Talento"), FRANGELLA and WELLS received settlement payouts totaling approximately $338,266.75 from Safeco.

118.    On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below and an unindicted co-conspirator (hereinafter "UCC-9) knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the grand jury to cause to be delivered, through the United States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 52 | 10/26/2016 | Safeco check no. 13874523 payable to William Mize in the amount of $94,867.49 mailed to William Mize into the State of Washington from Safeco outside the State of Washington | MIZE [-1], TALENTO, FRANGELLA, WELLS |
| 53 | 10/29/2016 | Safeco check no. 13887298 payable to William Mize in the amount of $14,882.82 mailed to William Mize into the State of Washington from Safeco outside the State of Washington | MIZE [-1], TALENTO, FRANGELLA, WELLS |
| 54 | 11/3/2016 | Safeco check no. 13927695 payable to Numerica Credit Union in the amount of $59,557.24 mailed to Numerica Credit Union into the State of Washington from Safeco outside the State of Washington | MIZE [-1], TALENTO, FRANGELLA, WELLS |
| 55 | 7/19/2017 | Settlement Demand Request for "Victoria Talento" and supporting documents mailed from within the State of Washington to First National Insurance Company outside the State of Washington | MIZE [-1], TALENTO, FRANGELLA, WELLS |

INDICTMENT – 43

S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

| 56 | 8/21/2017 | Safeco check no. 15351267 payable to "Victoria Talento" in the amount of $2,200.00 mailed to "Victoria Talento" into the State of Washington from Safeco outside the State of Washington | MIZE [-1], TALENTO, FRANGELLA, WELLS |
|----|-----------|---------------------------------------------------------------|--------------------------------|
| 57 | 9/2/2017 | Safeco check no. 15410765 payable to "Victoria Talento" in the amount of $1,490.00 mailed to "Victoria Talento" within the State of Washington from Safeco outside the State of Washington | MIZE [-1], TALENTO, FRANGELLA, WELLS |
| 58 | 9/18/2017 | Safeco check no. 15479365 payable to "Victoria Talento" in the amount of $5,550.40 mailed to "Victoria Talento" into the State of Washington from Safeco outside the State of Washington | MIZE [-1], TALENTO, FRANGELLA, WELLS |
| 59 | 10/12/2017 | Safeco check no. 15596126 payable to "Victoria Talento" in the amount of $54,541.00 mailed to "Victoria Talento" into the State of Washington from Safeco outside the State of Washington | MIZE [-1], TALENTO, FRANGELLA, WELLS |
| 60 | 12/4/2017 | Safeco check no. 15820727 payable to William Mize in the amount of $95,000.00 mailed to William Mize into the State of Washington from Safeco outside the State of Washington | MIZE [-1], TALENTO, FRANGELLA, WELLS |

INDICTMENT – 44

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

COUNTS 61-70

(Mail Fraud)

*November 27, 2017, Staged Automobile Accident*

119.     Paragraphs 1, 4, 5, 8, 11, 26, 33, 48 – 50, 52, 55 – 58, 63, 64 and 66 of this Indictment are realleged and incorporated as though fully set forth herein.

120.     On or about November 27, 2017, MIZE [-1], TARDY, PARK, BOITO, CARTER, and others known and unknown to the grand jury staged an accident at the intersection of South Buffalo Drive and West Ford Avenue in Las Vegas, Nevada. The staged accident involved a 2007 BMW X3 registered to and insured by CARTER being purposely driven into a 2008 Cadillac CTS registered to and insured by TARDY. TARDY, PARK (as "Kaden Wenzl"), BOITO and CARTER subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident. After the staged accident, MIZE [-1] (as "William Tardy") sent insurance claim documents on behalf of TARDY, PARK (as "Kaden Wenzl"), BOITO and CARTER, knowing that they were false. In exchange for releasing their claims, MIZE [-1] (as "William Tardy"), TARDY, PARK (as "Kaden Wenzl"), BOITO and CARTER received settlement payouts totaling approximately $280,016.62 from GEICO and State Farm.

121.     On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be delivered, through the United

INDICTMENT – 45
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 61 | 2/2/2018 | GEICO check no. 194367141 payable to "Kaden Wenzl" in the amount of $1,110.97 mailed to "Kaden Wenzl" into the State of Washington from GEICO outside the State of Washington | MIZE [-1], TARDY, PARK, BOITO, CARTER |
| 62 | 2/5/2018 | GEICO check no. 194369335 payable to Kimberly Boito in the amount of $1,110.97 mailed to Kimberly Boito into the State of Washington from GEICO outside the State of Washington | MIZE [-1], TARDY, PARK, BOITO, CARTER |
| 63 | 2/5/2018 | GEICO check no. 194369264 payable to Kimberly Boito in the amount of $1,368.82 mailed to Kimberly Boito into the State of Washington from GEICO outside the State of Washington | MIZE [-1], TARDY, PARK, BOITO, CARTER |
| 64 | 2/5/2018 | GEICO check no. 194370205 payable to "Kaden Wenzl" in the amount of $2,964.03 mailed to Kaden Wenzl into the State of Washington from GEICO outside the State of Washington | MIZE [-1], TARDY, PARK, BOITO, CARTER |

INDICTMENT – 46
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

| 65 | 2/5/2018 | GEICO check no. 194369284 payable to Kimberly Boito in the amount of $391.21 mailed to Kimberly Boito into the State of Washington from GEICO outside the State of Washington | MIZE [-1], TARDY, PARK, BOITO, CARTER |
|---|---|---|---|
| 66 | 2/5/2018 | GEICO check no. 194368035 payable to Kimberly Boito in the amount of $484.00 mailed to Kimberly Boito into the State of Washington from GEICO outside the State of Washington | MIZE [-1], TARDY, PARK, BOITO, CARTER |
| 67 | 2/5/2018 | GEICO check no. 194369278 payable to Kimberly Boito in the amount of $308.00 mailed to Kimberly Boito into the State of Washington from GEICO outside the State of Washington | MIZE [-1], TARDY, PARK, BOITO, CARTER |
| 68 | 3/8/2018 | State Farm check no. 1241181149 payable to Kimberly Boito in the amount of $100,000.00 mailed to Kimberly Boito into the State of Washington from State Farm outside the State of Washington | MIZE [-1], TARDY, PARK, BOITO, CARTER |
| 69 | 3/8/2018 | State Farm check no. 1241181143 payable to Kaden Wenzl in the amount of $47,500.00 mailed to Kaden Wenzl into the State of Washington from State Farm outside the State of Washington | MIZE [-1], TARDY, PARK, BOITO, CARTER |

INDICTMENT – 47

| 70 | 4/8/2018 | Settlement Demand Package for Angela Tardy and supporting documents mailed from within the State of Washington to GEICO outside the State of Washington | MIZE [-1], TARDY, PARK, BOITO, CARTER |

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

### COUNT 71

### (Mail Fraud)

*November 29, 2017 Staged Automobile Accident*

122.  Paragraphs 1, 2, 20, 22, 37, 39, 48 – 50, 52, 55 – 58, 63, 64, and 66 of this Indictment are realleged and incorporated as though fully set forth herein.

123.  On or about November 29, 2017, MIZE, TALENTO, WHITE, SHARP and others known and unknown to the grand jury staged an accident at the intersection of Sandy Ridge Avenue and Rye Beach Lane in Henderson, Nevada. The staged accident involved a 2007 BMW 530XI registered to an individual not named herein and insured by an individual not named herein being purposely driven into a 2014 Ford Fusion registered to and insured by an individual not named herein.   MIZE [-1] (as "William Sharp"), TALENTO (as "Eve S. Novak"), WHITE, SHARP and individuals not named herein, subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident. After the staged accident, MIZE [-1] (as "William Sharp") sent insurance claim documents on behalf of TALENTO (as "Eve S. Novak") WHITE and SHARP, knowing that they were false.  In exchange for releasing their claims, MIZE [-1] (as "William Sharp"), TALENTO (as "Eve S. Novak") WHITE, SHARP and two

INDICTMENT – 48
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

individuals not named herein received settlement payouts totaling approximately $385,205.95 from USAA and Farmers.

124.    On or about the date listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below and an individual not named herein knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the Grand Jury to cause to be delivered, through the United States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|-------|--------------------------|-------------|------------|
| 71 | 2/12/2018 | Settlement Demand Request and supporting documents for "Randy Sharp," "Mike White, and "Eve Novak" mailed from within the State of Washington to USAA outside the State of Washington | MIZE [-1], TALENTO, WHITE, SHARP |

All in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

COUNT 72

(Mail Fraud)

*December 5, 2017, Staged Automobile Accident*

125.    Paragraphs 1, 2, 23, 25, 48 – 50, 52, 54, 55, 57 – 58, 63, 64, and 66 of this Indictment are realleged and incorporated as though fully set forth herein.

126.    On or about December 5, 2017, MIZE [-1], TALENTO, and others known and unknown to the Grand Jury staged an accident near the intersection of New York Ranch Road and China Graveyard Road in Amador County, California. The staged accident involved a 2007 Chevrolet Silverado pickup truck registered to

INDICTMENT – 49

S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

and insured by and individual not named herein being purposely driven into a 2006 Bentley Arnage registered to and insured by MIZE [-1]. MIZE [-1]and TALENTO subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident. After the staged accident, MIZE [-1] (as "Bill Mize") and TALENTO (as "Victoria Talento") sent insurance documents, knowing that they were false. In exchange for releasing their claims, MIZE [-1], TALENTO and an individual not named herein received settlement payouts totaling approximately $54,548.82 from Esurance and Amica Insurance.

127.    On or about the date listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below and an individual not named herein knowingly caused to be delivered, and aided and abetted each other and others known and unknown to the grand jury to cause to be delivered, through the United States Mail, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|-------|--------------------------|-------------|------------|
| 72 | 4/12/2018 | Settlement Demand Package including medical records, notes and billing for "Bill Mize" and "Victoria Talento" and supporting documents mailed from within the State of Washington to Esurance outside the State of Washington | MIZE [-1], TALENTO |

INDICTMENT – 50
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

All in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.

## COUNT 73

### (Conspiracy to Commit Mail/Wire Fraud)

128.    Paragraphs 1 through 127 of this Indictment are realleged and incorporated as though fully set forth herein.

129.    On or about April 14, 2013, MIZE [-1], TALENTO, MIZE [-3], PARK, and an individual not named herein staged an accident at the intersection of Hualapai Way and Reno Avenue in Las Vegas, Nevada.  The staged accident involved a 2004 Infiniti FX35 registered to and insured by an individual not named herein being purposely driven into a 2002 Jaguar Vanden Plas registered to and insured by TALENTO. MIZE [-1], TALENTO, MIZE [-3], PARK and an individual not named herein subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, TALENTO and PARK suffered injuries as a result of the accident.  After the staged accident, MIZE [-1] sent insurance claim documents on behalf of TALENTO, MIZE [-3], PARK and an individual not named herein, knowing that they were false.  In exchange for releasing their claims, MIZE [-1], TALENTO, MIZE [-3], PARK and individual not named herein received settlement payouts totaling approximately $335,698.13 from Progressive and CSAA.

130.    On or about May 19, 2013, MIZE [-1], TALENTO, REYES-TAJIMAROA, an unindicted co-conspirator (hereinafter "UCC-7"), and others known and unknown to the grand jury staged an accident at the intersection of West Trails Road and West Euclid Road in Spokane, Washington.   The staged accident involved a 2005 Chevrolet Tahoe registered to and insured by UCC-7 being purposely driven into a 2001 Bentley Arnage registered to and insured by MIZE [-1] and TALENTO.  After the crash, MIZE [-1] exited the 2005 Chevrolet Tahoe and was driven away in a third vehicle before law enforcement officers and emergency

INDICTMENT – 51

personnel arrived.   At MIZE [-1]'s instructions, UCC-7 falsely represented that UCC-7 was driving the Tahoe at the time of the crash and how the crash occurred. MIZE, TALENTO, REYES-TAJIMAROA (as "Tajimaroa Andrade") and UCC-7 subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, the accident was caused by UCC-7.    MIZE [-1], TALENTO and REYES-TAJIMAROA (as "Tajimaroa Andrade") further falsely represented that TALENTO and REYES-TAJIMAROA (as "Tajimaroa Andrade") suffered injuries and lost wages as a result of the accident.   In exchange for releasing their claims, MIZE [-1], TALENTO, REYES-TAJIMAROA (as "Tajimaroa Andrade") and UCC-7 received settlement payouts totaling approximately $298,187.04 from Hartford and Farmers.

131.    On or about September 5, 2013, MIZE [-1],  PARK, FRANGELLA, SHARP and others known and unknown to the grand jury staged an accident at the intersection of Wigwam Parkway and Aura De Blanco Street in Henderson, Nevada. The staged accident involved a 2003 GMC Sierra pickup truck registered to and insured by SHARP being purposely driven into a 2004 Cadillac Escalade registered to and insured by PARK.   MIZE [-1] (as "William Park") PARK, FRANGELLA, and SHARP subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, PARK and FRANGELLA suffered injuries as a result of the accident.   In exchange for releasing their claims, MIZE [-1] (as "William Park") PARK, FRANGELLA, and SHARP received settlement payouts totaling approximately $142,761.33 from Farmers.

132.    On or about June 25, 2014, MIZE [-1], TALENTO and PARK staged a stair fall accident at a residence in Henderson, Nevada.   MIZE [-1] (as "Phillip Smith") TALENTO and PARK (as "Michael Ryan Smith") subsequently filed fraudulent insurance claims in which they falsely represented and adopted each

INDICTMENT – 52
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

others false representations that, among other things, PARK (as "Michael Ryan Smith") suffered injuries and lost wages as a result of the accident. In exchange for releasing their claims, MIZE [-1] (as "Phillip Smith") TALENTO and PARK (as "Michael Ryan Smith") received settlement payouts totaling approximately $125,000.00 from CSAA.

133.    On or about January 4, 2015, MIZE [-1], REYES-TAJIMAROA, JESSICA GONZALEZ, and others known and unknown to the grand jury staged an accident at the intersection of East Hualapai Way and Reno Avenue in Las Vegas, Nevada. The staged accident involved a 2005 Mercury Grand Marquis registered to and insured by an individual not named herein being purposely driven into a 2006 Jaguar S-Type registered to and insured by an individual not named herein. MIZE [-1] (as "Phillip Novak") REYES-TAJIMAROA (as "Misael Andrade") and JESSICA GONZALEZ subsequently filed fraudulent insurance claims in which they falsely represented and adopted each others false representations that, among other things, REYES-TAJIMAROA (as "Misael Andrade") and JESSICA GONZALEZ suffered injuries as a result of the accident. In exchange for releasing their claims, MIZE [-1] (as "Phillip Novak"), REYES-TAJIMAROA (as "Misael Andrade"), JESSICA GONZALEZ and others known and unknown received settlement payouts totaling approximately $221,647.44 from Hartford and Allstate.

134.    On or about July 8, 2015, MIZE [-1], PARK, BOITO, FRANGELLA and an unindicted co-conspirator (hereinafter, "UCC-8") and others known and unknown to the grand jury staged an accident at the intersection of West Reno Avenue and South Hualapai Way in Las Vegas, Nevada. The staged accident involved a 2013 Dodge Grand Caravan rented in the name of UCC-8 being purposely driven into a 2004 Mercury Mountaineer registered to an individual not named herein. MIZE [-1] (as "Phillip Boito"), PARK (as "Michael Smith"), BOITO, FRANGELLA and UCC-8 subsequently filed fraudulent insurance claims in which

INDICTMENT – 53
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

they falsely represented and adopted each others false representations that, among other things, PARK (as "Michael Smith"), BOITO and FRANGELLA suffered injuries as a result of the accident. In exchange for releasing their claims, MIZE [-1] (as "Phillip Boito"), PARK (as "Michael Smith"), BOITO, FRANGELLA and UCC-8 received settlement payouts totaling approximately $282,704.86 from Safeco, Hertz, and GEICO.

135.    On or about September 17, 2015, MIZE [-1], TALENTO, REYES-TAJIMAROA, and others known and unknown to the Grand Jury staged an accident involving a boating accident at Silver Beach Marina in Coeur d'Alene, Idaho. The staged accident involved a 1990 37-foot Bayliner Avanti boat registered to and insured by MIZE [-1]. MIZE [-1], TALENTO (as "Rita Gonzalez") and REYES-TAJIMAROA (as "Alexander Misael Gonzalez") subsequently filed fraudulent insurance claims in which they falsely represented that REYES-TAJIMAROA (as "Alexander Misael Gonzalez") suffered injuries as a result of the accident. In exchange for releasing their claims, MIZE [-1], TALENTO (as "Rita Gonzalez"). REYES-TAJIMAROA (as "Alexander Misael Gonzalez") and WELLS received settlement payouts totaling approximately $235,000.00 from Travelers.

136.    On or about September 19, 2017, MIZE [-1], PARK, HARRIS, and FRANGELLA staged an accident involving a boating accident at the Coeur d'Alene Resort Marina in Coeur d'Alene, Idaho. The staged accident involved a 1995 20-foot Chaparral Model 2135 boat registered to and insured by HARRIS. MIZE [-1] (as "William Frangella"), PARK (as "Joseph Ryan Frangella"), HARRIS, FRANGELLA and others known and unknown to the Grand Jury subsequently filed fraudulent insurance claims in which they falsely represented that PARK (as "Joseph Ryan Frangella") suffered injuries as a result of the accident. In exchange for releasing their claims, MIZE [-1] (as "William Frangella") PARK (as "Joseph Ryan

Frangella") HARRIS and FRANGELLA received settlement payouts totaling approximately $110,000.00 from Allied and Nationwide.

137.    Beginning on or about a date unknown to the Grand Jury, but no later than November 5, 2011, and continuing through on or about April 12, 2018, in the Eastern District of Washington and elsewhere, the Defendants MIZE [-1], TALENTO, MIZE [-3], TARDY, PARK, REYES-TAJIMAROA, JESSICA GONZALEZ, BONNEY, HARRIS, BOITO, FRANGELLA, WELLS, ARCEO, RAUL GONZALEZ, TERESA GONZALEZ, SMITH, CARTER, MEZA-AMEZCUA, STOCK, WHITE, WESTFALL and SHARP did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree together and with others known and unknown to the Grand Jury, to:

    (a)    knowingly, and with intent to defraud, devise and intend to devise a material scheme and artifice to defraud various insurance companies and to obtain money and property from insurance companies by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises, were false and fraudulent when made, and did knowingly cause to be delivered by mail matter by the United States Postal Service and by private and commercial interstate carrier, according to directions thereon, the purpose of executing the scheme and artifice, in violation of 18 U.S.C. § 1341;

    (b)    knowingly, and with intent to defraud, devise and intend to devise a material scheme and artifice to defraud various insurance companies and to obtain money and property from insurance companies by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises,

were false and fraudulent when made, and did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, for the purpose of executing the scheme and artifice, in violation of 18 U.S.C. § 1343.

All in violation of 18 U.S.C. § 1349.

## COUNT 74
### (Conspiracy to Commit Health Care Fraud)

138.    Paragraphs 1 – 6, 8, 9, 14, 18, 22, 25 - 28, 32, 33, 37, 39, 48 – 50, 52 – 60, 63 – 66, 72, 73, 78, 79, 88 – 90, 92, 105, 106, 114, 115, 123, 124, 130, and 134 of this Indictment are realleged and incorporated as though fully set forth herein.

139.    Beginning on or about a date unknown to the Grand Jury, but no later than October 19, 2013, and continuing through on or about April 4, 2017, in the Eastern District of Washington and elsewhere, the Defendants MIZE [-1], TALENTO, MIZE [-3], TARDY, PARK, REYES-TAJIMAROA, HARRIS, BOITO, ARCEO, MEZA-AMEZCUA and SHARP did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree together and with others known and unknown to the Grand Jury, to execute and attempt to execute a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, a health care benefit program as defined in 18 U.S.C. § 24(b), in connection with the delivery of an payment for healthcare benefits, items and services, in violation of 18 U.S.C. § 1347.

All in violation of 18 U.S.C. § 1349.

COUNTS 75 – 100

(Monetary Transactions in Property Derived from Specified Unlawful Activity)

140.     On or about the dates set forth below, each such date constituting a separate count of this Indictment, in the Eastern District of Washington and elsewhere, the Defendants identified below, aided and abetted by others known and unknown to the grand jury, did knowingly engage, and attempt to engage, in a monetary transaction affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000.00, such property having been derived from a specified unlawful activity, namely Mail Fraud in violation of 18 U.S.C. § 1341, Wire Fraud, in violation of 18 U.S.C. § 1343, and Conspiracy to Commit Mail Fraud and Wire Fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1349 as more fully described in Counts 6, 12, 13, 15, 16, 23, 36, 43, 48, 49 and 73 of this Indictment, to wit:

| COUNT | Approximate Date | Monetary Transaction | Count Alleging Specified Unlawful Activity | Defendant |
|-------|-----------------|---------------------|------------------------------------------|-----------|
| 75 | 01/02/2014 | $38,000 cash withdrawal from WFB account number ending - 4588 | 73 | PARK |
| 76 | 01/09/2014 | $40,000 check drawn on JPMC account number ending – 7856, made payable to MIZE and deposited to Scottrade Account number ending - 1051 | 73 | MIZE [1] TALENTO |

INDICTMENT – 57
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

| 77 | 02/25/2014 | $50,000 cash withdrawal from BOA account number ending -4824 | 6 | REYES-TAJIMAROA |
| 78 | 03/11/2014 2015 BT 12/18/18 | $75,000 cash withdrawal from WFB account number ending -4588 | 16 | PARK |
| 79 | 09/30/2014 | $20,000 cash withdrawal from JPMC account number ending -8763 | 12 | JESSICA GONZALEZ |
| 80 | 09/30/2014 | $30,000 cash withdrawal from JPMC account number ending -8763 | 12 | JESSICA GONZALEZ |
| 81 | 10/06/2014 | $90,000 cash withdrawal from JPMC account number ending -6259 | 13, 15 | BOITO |
| 82 | 10/08/2014 | $20,000 Cashier's Check purchased from the JPMC account number ending -8763, made payable to REYES-TAJIMAROA and deposited to BOA account ending -0101 | 12 | REYES-TAJIMAROA, JESSICA GONZALEZ |

INDICTMENT – 58
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

| 83 | 10/14/2014 | $30,000 check drawn on JPMC account number ending -6259, made payable to MIZE [-1] and deposited to JPMC account number ending -7577 | 13, 15 | MIZE [-1], BOITO |
|---|---|---|---|---|
| 84 | 12/29/2014 | $70,000 cash withdrawal from JPMC account ending -6259 | 73 | BOITO |
| 85 | 03/20/2015 | $15,000 cash withdrawal from JPMC account number ending -8763 | 73 | JESSICA GONZALEZ |
| 86 | 03/23/2015 | $30,000 cash withdrawal from JPMC account number ending -6532 | 73 | REYES-TAJIMAROA |
| 87 | 04/29/2015 | $15,000 check drawn on JPMC account number ending -6259, made payable to MIZE [-1] and deposited to JPMC account number ending-7577 | 23 | MIZE [-1], BOITO |
| 88 | 04/30/2015 | $13,000 check drawn on JPMC account number ending -6259, made payable to MIZE [-1] and deposited to CNB account number ending -1571 | 23 | MIZE [-1], BOITO |

INDICTMENT – 59

| 89 | 07/07/2015 | $80,000 cash withdrawal from WFB account number ending -4588 | 36, 73 | PARK |
| 90 | 07/07/2015 ~~08~~ BT 12/18/18 | $12,000 check drawn on WFB account number ending -4588, made payable to MIZE [-1] and deposited to CNB account number ending -1571 | 36, 73 | MIZE [-1], PARK |
| 91 | 07/09/2015 | $50,000 check drawn on Banner Bank account number ending -4966, made payable to MIZE [-1] | 73 | MIZE [-1], BOITO |
| 92 | 07/10/2015 | $47,000 cash withdrawal from JPMC account number ending -6532 | 73 | REYES-TAJIMAROA |
| 93 | 09/04/2015 | $70,000 cash withdrawal from JPMC account number ending -6532 | 73 | REYES-TAJIMAROA |
| 94 | 10/29/2015 | $50,000 check drawn on JPMC account number ending -6259, made payable to MIZE [-1] and deposited into Scottrade account number ending -1051 | 73 | MIZE [-1], BOITO |

INDICTMENT – 60

S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

| 95 | 10/29/2015 | $52,500 check drawn on the JPMC account number ending -8763, made payable to MIZE [-1] and deposited to WFB account number ending -6918 | 73 | MIZE [-1], JESSICA GONZALEZ |
|----|------------|------|----|------|
| 96 | 10/30/2015 | $28,000 check drawn on JPMC account number ending -6259, made payable to MIZE [-1] and deposited into Umpqua Bank account number ending -2593 | 73 | MIZE [-1], BOITO |
| 97 | 04/21/2016 | Teller transfer in the amount of $225,000, from WFB account number ending -3133 to WFB account number ending -6918 | 73 | MIZE [-1], WELLS |
| 98 | 09/30/2016 | $20,000 check drawn on JPMC account number ending -6259, made payable to MIZE [-1] and deposited into the WFB account number ending -6918 | 43 | MIZE [-1], BOITO |

INDICTMENT – 61

| 99 | 10/03/2016 | $20,000 check drawn on JPMC account number ending -6259, made payable to MIZE [-1] and deposited into the BOA account number ending -1577 | 43 | MIZE [-1], BOITO |
| 100 | 03/21/2017 | $100,319.56 Cashier's Check purchased from WFB account number ending –3133 made payable to BOA account number ending -2622, paying off mortgage on property in Spokane, Washington | 48, 49 | MIZE [-1], WELLS |

All in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2.

## COUNT 101

(Conspiracy to Conduct Monetary Transactions in Property Derived from Specified Unlawful Activity)

141.    Paragraph 140 of this Indictment is realleged and incorporated as though fully set forth herein.

142.    Beginning on or about a date unknown to the grand jury, but no later than September 11, 2013, and continuing through on or about April 12, 2018, in the Eastern District of Washington and elsewhere, the Defendants MIZE [-1], TALENTO, PARK, REYES-TAJIMAROA, JESSICA GONZALEZ, BOITO and WELLS did knowingly conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the

INDICTMENT – 62
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

United States in violation of 18 U.S.C. § 1956 and 1957, to wit: to knowingly engage and attempt to engage, in monetary transactions, by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is mail fraud, wire fraud and conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1957.

All in violation of 18 U.S.C. § 1956(h).

## NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

143.   The Introductory Allegations contained in paragraphs 1 – 47; the General Allegations contained in paragraphs 46 – 67; and, the allegations contained in Counts 1 – 101 of this Indictment, are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures.

I.   DEFENDANT WILLIAM OLDHAM MIZE ("MIZE [-1]")

144.   Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Mail Fraud, in violation of 18 U.S.C. § 1341, as set forth in Counts 1 – 8, 10 – 13, 16, 18 – 24, and 26 – 72 of this Indictment; pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Wire Fraud, in violation of 18 U.S.C. 1343, as set forth in Counts 9, 14, 15, 17, and 25 of this Indictment; pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Conspiracy to Commit Mail Fraud and Wire Fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1346, set forth in Count 73 of this Indictment; pursuant to 18 U.S.C. § 982(a)(7), upon conviction of Conspiracy to Commit Healthcare Fraud, in violation of 18 U.S.C. §§ 1347, 1349, set forth in Count 74 of this Indictment; pursuant to 18 U.S.C. § 982(a)(1), and/or pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c), upon conviction of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1957, 1956(h), set forth in Count 101 of

this Indictment, Defendant, MIZE [-1], shall forfeit to the United States of America:

<u>Mail Fraud, Wire Fraud and Conspiracy to Commit Mail and Wire Fraud</u>:

Any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses;

<u>Conspiracy to Commit Healthcare Fraud</u>:

Property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense(s);

<u>Conspiracy to Commit Money Laundering</u>:

Any property, real or personal, which constitutes or is derived from proceeds traceable to the violation; and/or any property, real or personal, involved in such offenses, and any property traceable to such property;

The property subject to forfeiture includes, but is not limited to, the following:

A.    <u>MONEY JUDGMENT</u>

1.    A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s).

2.    A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s).

3.    A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the Conspiracy to Commit Healthcare Fraud offense(s).

4.    A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the Conspiracy to Commit Money Laundering offense(s).

B.  **REAL PROPERTY**

    1.    Real property known as 7416 North Birch Court, Spokane, Washington, Tax ID/Parcel #: 26251.0213, legally described as follows:

        LOT 13, BLOCK 2, PANORAMA TERRACE ADDITION, ACCORDING TO PLAT RECORDED IN VOLUME 9 OF PLATS, PAGE 25, IN THE CITY OF SPOKANE, SPOKANE COUNTY, WASHINGTON.

    2.    Real property known as 3326 North Indian Bluff Road, Spokane, Washington, Tax ID/Parcel #: 25044.9045, legally described as follows:

        ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE WEST HALF OF THE SOUTHEAST QUARTER OF SECTION 4, TOWNSHIP 25 NORTH, RANGE 42 EAST, WILLAMETTE MERIDIAN, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

        COMMENCING AT THE NORTHWESTERLY CORNER OF SAID WEST HALF OF THE SOUTHEAST QUARTER;

        THENCE FROM SAID POINT OF COMMENCEMENT SOUTH 01 DEGREE 48' 46" EAST ALONG THE WESTERLY LINE SAID WEST HALF A DISTANCE OF 1903.59 FEET TO THE POINT OF BEGINNING;

        THENCE FROM SAID POINT OF BEGINNING AND LEAVING SAID LINE, SOUTH 87 DEGREES 30' 45" EAST 852.76 FEET;

        THENCE SOUTH 75 DEGREES 10' 46" EAST 530.90 FEET TO A POINT ON THE EASTERLY LINE SAID WEST HALF;

        THENCE SOUTH 01 DEGREE 07' 48" EAST ALONG SAID EASTERLY LINE 549.23 FEET TO THE SOUTHEASTERLY CORNER OF SAID WEST HALF;

        THENCE NORTH 89 DEGREES 08' 05" WEST ALONG THE SOUTHERLY LINE OF SAID WEST HALF A DISTANCE OF 516.26 FEET;

THENCE LEAVING SAID LINE NORTH 38 DEGREES 23' 01" EAST 354.28 FEET;

THENCE NORTH 53 DEGREES 46' 06" WEST 340.51 FEET;

THENCE NORTH 87 DEGREES 30' 45" WEST 799.55 FEET TO A POINT ON THE WESTERLY LINE OF SAID SOUTHEAST QUARTER;

THENCE ALONG SAID WESTERLY LINE NORTH 01 DEGREE 46' 46" WEST A DISTANCE OF 200.57 FEET TO THE POINT OF BEGINNING;

EXCEPTING THEREFROM THE 60 FEET WIDE RIGHT OF WAY OF INDIAN BLUFF ROAD;

SAID PARCEL ALSO BEING DELINEATED AS TRACT 7 OF THAT CERTAIN SURVEY RECORDED MAY 13, 1983, UNDER AUDITOR'S FILE NO. 8305130031 IN SURVEY BOOK 29, PAGES 67 AND 68;

SITUATE IN THE COUNTY OF SPOKANE, STATE OF WASHINGTON.

Tax ID: 25044.9045

3.  Real property known as 1311 South Westcliff Place Unit #603, Spokane, Washington, Tax ID/Parcel #: 25233.1143, legally described as follows:

UNIT 603, WESTCLIFF SOUTH, A CONDOMINIUM, AS SHOWN ON SURVEY MAP AND FLOOR PLAN RECORDED APRIL 11, 1973, IN VOLUME 1 OF CONDOMINIUMS, PAGES 61 THROUGH 71, UNDER RECORDING NO. 7304110243 AND IS IDENTIFIED IN DECLARATION RECORDED MARCH 30, 1973 UNDER RECORDING NO. 7303300336.

4.  Real property known as 4150 Sanderling Circle, #454, Las Vegas, Nevada 89103, Tax ID/Parcel #: 162-18-616-230, legally described as follows:

SPRING OAKS LOT J 2ND AMD PLAT BOOK 36 PAGE 63 UNIT 454

C.   **BOAT SLIP**

1.   The Subleasehold Estate held by WILLIAM MIZE in certain real property commonly described as Pier 39 Marina, Slip F-14, San Francisco, California, created pursuant to the Assignment of Sublease by Sublease dated July 10, 2017 by and between THE LAWRENCE W STEWART AND CATHY STEWART REVOCABLE TRUST DATED MARCH 17, 2015, Assignor, and WILLIAM MIZE, Assignee, recorded in the Official Records of the City and County of San Francisco, as Document 2017-K479100-00, for that certain Memorandum of Sublease dated July 24, 1984, as executed by PIER 39 LIMITED PARTNERSHIP, a California Limited Partnership, as Sublessor, and THE LAWRENCE W STEWART AND CATHY STEWART REVOCABLE TRUST DATED MARCH 17, 2015, as Sublessee, and recorded in the Official Records of the City and County of San Francisco, as Document D527, the Term of the Sublease expiring September 19, 2034.

D.   **BANK/ESCROW ACCOUNT(S)**

1.   $148,138.13 in U.S. funds seized by the Internal Revenue Service-Criminal Investigation pursuant to a federal seizure warrant on or about May 17, 2018, from Bank of America account ending in 1577 in the name of WILLIAM MIZE.

2.   $42,692.50 in U.S. funds seized by the Internal Revenue Service-Criminal Investigation pursuant to a federal seizure warrant on or about May 17, 2018, from Wells Fargo Bank account ending in 6918 in the name of WILLIAM MIZE.

3.   $260,000.00 in U.S funds held in escrow by First American Title Company in account number ending in 0000 at First American Trust, Escrow File #: 4251-3-56047, seized by the Federal Bureau of Investigation pursuant to a federal seizure warrant on or about May 23, 2018.

INDICTMENT – 67
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

E.    CURRENCY

    1.    $42,147.00 U.S. currency seized by the Federal Bureau of Investigation pursuant to the execution of a federal search and seizure warrant on or about May 17, 2018.

F.    CONVEYANCES

    1.    2017 Jaguar F-Pace, Washington License Plate BCG0859, VIN: SADCK2BV9HA074880

    2.    2005 Sea Ray VDR 44.8' fiberglass hull boat, Hull No.: SEF0657E505, California Registration No.: 1174343, Vessel Name: Victoria Eve.

    3.    2008 Bentley Continental, Washington License Plate AYE0086, VIN: SCBCP73WX8C054601.

145.    Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. § 1957, set forth in Counts 76, 83, 87, 88, 90, 91, 94 - 100 of this Indictment, Defendant, MIZE [-1], shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation; and/or pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c), Defendant, MIZE [-1], shall forfeit to the United States of America, any property, real or personal, involved in such offenses, and any property traceable to such property.  The property subject to forfeiture includes, but is not limited to, the following:

G.    MONEY JUDGMENT

    1.    A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the Monetary Transactions in Property Derived from Specified Unlawful Activity offense(s).

II.    DEFENDANT SANDRA TALENTO

146.    Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Mail Fraud, in violation of 18 U.S.C. § 1341, as set forth in Counts

INDICTMENT – 68

1 – 3, 7 – 9, 16, 18 – 24, 26 – 34, 39 – 46, 52 – 60, and 71 – 72 of this Indictment; pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Wire Fraud, in violation of 18 U.S.C. 1343, set forth in Counts 15, 17 and 25, of this Indictment; pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Conspiracy to Commit Mail Fraud and Wire Fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1346, set forth in Count 73 of this Indictment; pursuant to 18 U.S.C. § 982(a)(7), upon conviction of Conspiracy to Commit Healthcare Fraud, in violation of 18 U.S.C. §§ 1347, 1349, set forth in Count 74 of this Indictment; pursuant to 18 U.S.C. § 982(a)(1) and/or pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c), upon conviction of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1957, 1956(h), set forth in Count 101 of this Indictment, Defendant, SANDRA VICTORIA TALENTO, shall forfeit to the United States of America:

Mail Fraud, Wire Fraud and Conspiracy to Commit Mail and Wire Fraud:

Any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses;

Conspiracy to Commit Healthcare Fraud:

Property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense(s);

Conspiracy to Commit Money Laundering:

Any property, real or personal, which constitutes or is derived from proceeds traceable to the violation; and/or any property, real or personal, involved in such offenses, and any property traceable to such property;

The property subject to forfeiture includes, but is not limited to, the following:

INDICTMENT – 69
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

A.    <u>MONEY JUDGMENT</u>

    1.    A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s).

    2.    A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s).

    3.    A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the Conspiracy to Commit Healthcare Fraud offense(s).

    4.    A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the Conspiracy to Commit Money Laundering offense(s).

B.    <u>REAL PROPERTY</u>

    1.    Real property known as 7416 North Birch Court, Spokane, Washington, Tax ID/Parcel #: 26251.0213, legally described as follows:

        LOT 13, BLOCK 2, PANORAMA TERRACE ADDITION, ACCORDING TO PLAT RECORDED IN VOLUME 9 OF PLATS, PAGE 25, IN THE CITY OF SPOKANE, SPOKANE COUNTY, WASHINGTON.

    2.    Real property known as 3326 North Indian Bluff Road, Spokane, Washington, Tax ID/Parcel #: 25044.9045, legally described as follows:

        ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE WEST HALF OF THE SOUTHEAST QUARTER OF SECTION 4, TOWNSHIP 25 NORTH, RANGE 42 EAST, WILLAMETTE MERIDIAN, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

        COMMENCING AT THE NORTHWESTERLY CORNER OF SAID WEST HALF OF THE SOUTHEAST QUARTER;

        THENCE FROM SAID POINT OF COMMENCEMENT SOUTH 01 DEGREE 48' 46" EAST ALONG THE

WESTERLY LINE SAID WEST HALF A DISTANCE OF 1903.59 FEET TO THE POINT OF BEGINNING;

THENCE FROM SAID POINT OF BEGINNING AND LEAVING SAID LINE, SOUTH 87 DEGREES 30' 45" EAST 852.76 FEET;

THENCE SOUTH 75 DEGREES 10' 46" EAST 530.90 FEET TO A POINT ON THE EASTERLY LINE SAID WEST HALF;

THENCE SOUTH 01 DEGREE 07' 48" EAST ALONG SAID EASTERLY LINE 549.23 FEET TO THE SOUTHEASTERLY CORNER OF SAID WEST HALF;

THENCE NORTH 89 DEGREES 08' 05" WEST ALONG THE SOUTHERLY LINE OF SAID WEST HALF A DISTANCE OF 516.26 FEET;

THENCE LEAVING SAID LINE NORTH 38 DEGREES 23' 01" EAST 354.28 FEET;

THENCE NORTH 53 DEGREES 46' 06" WEST 340.51 FEET;

THENCE NORTH 87 DEGREES 30' 45" WEST 799.55 FEET TO A POINT ON THE WESTERLY LINE OF SAID SOUTHEAST QUARTER;

THENCE ALONG SAID WESTERLY LINE NORTH 01 DEGREE 46' 46" WEST A DISTANCE OF 200.57 FEET TO THE POINT OF BEGINNING;

EXCEPTING THEREFROM THE 60 FEET WIDE RIGHT OF WAY OF INDIAN BLUFF ROAD;

SAID PARCEL ALSO BEING DELINEATED AS TRACT 7 OF THAT CERTAIN SURVEY RECORDED MAY 13, 1983, UNDER AUDITOR'S FILE NO. 8305130031 IN SURVEY BOOK 29, PAGES 67 AND 68;

SITUATE IN THE COUNTY OF SPOKANE, STATE OF WASHINGTON.

Tax ID: 25044.9045

3.    Real property known as 1311 South Westcliff Place Unit #603, Spokane, Washington, Tax ID/Parcel #: 25233.1143, legally described as follows:

UNIT 603, WESTCLIFF SOUTH, A CONDOMINIUM, AS SHOWN ON SURVEY MAP AND FLOOR PLAN RECORDED APRIL 11, 1973, IN VOLUME 1 OF CONDOMINIUMS, PAGES 61 THROUGH 71, UNDER RECORDING NO. 7304110243 AND IS IDENTIFIED IN DECLARATION RECORDED MARCH 30, 1973 UNDER RECORDING NO. 7303300336.

4.    Real property known as 4150 Sanderling Circle, #454, Las Vegas, Nevada 89103, Tax ID/Parcel #: 162-18-616-230, legally described as follows:

SPRING OAKS LOT J 2ND AMD PLAT BOOK 36 PAGE 63 UNIT 454

C.    BOAT SLIP

1.    The Subleasehold Estate held by WILLIAM MIZE in certain real property commonly described as Pier 39 Marina, Slip F-14, San Francisco, California, created pursuant to the Assignment of Sublease by Sublease dated July 10, 2017 by and between THE LAWRENCE W STEWART AND CATHY STEWART REVOCABLE TRUST DATED MARCH 17, 2015, Assignor, and WILLIAM MIZE, Assignee, recorded in the Official Records of the City and County of San Francisco, as Document 2017-K479100-00, for that certain Memorandum of Sublease dated July 24, 1984, as executed by PIER 39 LIMITED PARTNERSHIP, a California Limited Partnership, as Sublessor, and THE LAWRENCE W STEWART AND CATHY STEWART REVOCABLE TRUST DATED MARCH 17, 2015, as Sublessee, and recorded in the Official Records of the City and County of San Francisco, as Document D527, the Term of the Sublease expiring September 19, 2034.

D.    BANK/ESCROW ACCOUNT(S)

1.    $148,138.13 in U.S. funds seized by the Internal Revenue Service-Criminal Investigation pursuant to a federal

INDICTMENT – 72

S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

   seizure warrant on or about May 17, 2018, from Bank of America account ending in 1577 in the name of WILLIAM MIZE.

2.  $42,692.50 in U.S. funds seized by the Internal Revenue Service-Criminal Investigation pursuant to a federal seizure warrant on or about May 17, 2018, from Wells Fargo Bank account ending in 6918 in the name of WILLIAM MIZE.

3.  $260,000.00 in U.S funds held in escrow by First American Title Company in account number ending in 0000 at First American Trust, Escrow File #: 4251-3-56047, seized by the Federal Bureau of Investigation pursuant to a federal seizure warrant on or about May 23, 2018.

E.  <u>CURRENCY</u>

1.  $42,147.00 U.S. currency seized by the Federal Bureau of Investigation pursuant to the execution of a federal search and seizure warrant on or about May 17, 2018.

F.  <u>CONVEYANCES</u>

1.  2017 Jaguar F-Pace, Washington License Plate BCG0859, VIN: SADCK2BV9HA074880

2.  2005 Sea Ray VDR 44.8' fiberglass hull boat, Hull No.: SEF0657E505, California Registration No.: 1174343, Vessel Name: Victoria Eve.

3.  2008 Bentley Continental, Washington License Plate AYE0086, VIN: SCBCP73WX8C054601

147.  Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. § 1957, set forth in Count 76 of this Indictment, Defendant, SANDRA VICTORIA TALENTO, shall forfeit to the United States of America, and property, real or personal, which constitutes or is derived from proceeds traceable to the violation; and/or pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c), Defendant, SANDRA VICTORIA TALENTO, shall forfeit to the

United States of America, any property, real or personal, involved in such offenses, and any property traceable to such property. The property subject to forfeiture includes, but is not limited to, the following:

G.   MONEY JUDGMENT

1.   A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the Monetary Transactions in Property Derived from Specified Unlawful Activity offense(s).

III.   DEFENDANT KIMBERLY RITA BOITO

148.   Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Mail Fraud, in violation of 18 U.S.C. § 1341, set forth in Counts 10 – 13, 26 – 34, and 61 – 70 of this Indictment; pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Wire Fraud, in violation of 18 U.S.C. 1343, set forth in Counts 14 and 15 of this Indictment; pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Conspiracy to Commit Mail Fraud and Wire Fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1346, set forth in Count 73 of this Indictment; pursuant to 18 U.S.C. § 982(a)(1) and/or pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c), upon conviction of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1957, 1956(h), set forth in Count 101 of this Indictment, Defendant, KIMBERLY RITA BOITO, shall forfeit to the United States of America:

Mail Fraud, Wire Fraud and Conspiracy to Commit Mail and Wire Fraud:

Any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses;

Conspiracy to Commit Money Laundering:

Any property, real or personal, which constitutes or is derived from proceeds traceable to the violation; and/or any property, real or personal, involved in such offenses, and any property traceable to such property;

INDICTMENT – 74
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

The property subject to forfeiture includes, but is not limited to, the following:

A. <u>MONEY JUDGMENT</u>

    1.    A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s).

    2.    A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s).

    3.    A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the Conspiracy to Commit Money Laundering offense(s).

B. <u>REAL PROPERTY</u>

    1.    Real property known as 7416 North Birch Court, Spokane, Washington, Tax ID/Parcel #: 26251.0213, legally described as follows:

        LOT 13, BLOCK 2, PANORAMA TERRACE ADDITION, ACCORDING TO PLAT RECORDED IN VOLUME 9 OF PLATS, PAGE 25, IN THE CITY OF SPOKANE, SPOKANE COUNTY, WASHINGTON.

149.   Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. § 1957, set forth in Counts 81, 83, 84, 87, 88, 91, 94, 96, 98, 99 of this Indictment, Defendant, KIMBERLY RITA BOITO, shall forfeit to the United States of America, and property, real or personal, which constitutes or is derived from proceeds traceable to the violation; and/or pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c), Defendant, KIMBERLY RITA BOITO, shall forfeit to the United States of America, any property, real or personal, involved in such offenses, and any property traceable to such property. The property subject to forfeiture includes, but is not limited to, the following:

INDICTMENT – 75
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

C.    MONEY JUDGMENT

1.    A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the Monetary Transactions in Property Derived from Specified Unlawful Activity offense(s).

IV.    DEFENDANTS 3 – 9, 11 – 22

150.    Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Mail Fraud, in violation of 18 U.S.C. § 1341, set forth in Counts 1 – 8, 10 – 13, 16, 18 – 24, and 26 –71 of this Indictment; pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Wire Fraud, in violation of 18 U.S.C. 1343, set forth in Counts 9, 14, 15, 17, 25 and 72 of this Indictment; pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Conspiracy to Commit Mail Fraud and Wire Fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1346, set forth in Count 73 of this Indictment; pursuant to 18 U.S.C. § 982(a)(1) and/or pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c), upon conviction of Monetary Transactions in Property Derived from Specified Unlawful Activity (SUA) in violation of 18 U.S.C. § 1957 as set forth in Counts 75 – 100; pursuant to 18 U.S.C. § 982(a)(1) and/or pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c), upon conviction of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1957, 1956(h), set forth in Count 101 of this Indictment, the below-listed Defendants shall forfeit to the United States of America:

Mail Fraud, Wire Fraud and Conspiracy to Commit Mail and Wire Fraud:

Any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses;

Conspiracy to Commit Healthcare Fraud:

Property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense(s);

INDICTMENT – 76
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

<u>Monetary Transactions in Property Derived from Specified Unlawful
Activity (SUA) and Conspiracy to Conduct Monetary Transactions in
Property Derived from SUA:</u>

Any property, real or personal, which constitutes or is derived from proceeds traceable to the violation; and/or any property, real or personal, involved in such offenses, and any property traceable to such property;

The property subject to forfeiture includes, but is not limited to, the following:

| Defendant | Count(s) | Asset(s) to be forfeited |
|---|---|---|
| WILLIAM OLDHAM MIZE ("MIZE [-3]") | 4 – 5, 73, 74 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s), wire fraud offense(s) and conspiracy to commit healthcare fraud offense(s). |
| ANGELA DAWN TARDY | 7 – 9, 61 – 70, 73 - 74 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s), wire fraud offense(s), and conspiracy to commit healthcare fraud offense(s). |
| RYAN FOLKS PARK | 10 – 17, 19 – 24, 26 – 34, 36 – 46, 61 – 70, 73 – 75, 78, 89 – 90, 101 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s), wire fraud offense(s), conspiracy to commit healthcare fraud offense(s), monetary transactions in property derived from specified unlawful activity offense(s), and conspiracy to conduct monetary transactions in property derived from specified unlawful activity offense(s). |

INDICTMENT – 77

| | | |
|---|---|---|
| MISAEL REYES-TAJIMAROA | 6 – 15, 18, 35 – 38, 47 – 51, 73 – 74, 77, 82, 86, 92 – 93, 101 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s), wire fraud offense(s), conspiracy to commit healthcare fraud offense(s), monetary transactions in property derived from specified unlawful activity offense(s), and conspiracy to conduct monetary transactions in property derived from specified unlawful activity offense(s). |
| JESSICA ALEXANDRA GONZALEZ | 19 – 24, 73, 79 – 80, 82, 85, 95, 101 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s), monetary transactions in property derived from specified unlawful activity offense(s), and conspiracy to conduct monetary transactions in property derived from specified unlawful activity offense(s). |
| BONNEY JEAN BONNEY | 10 – 13, 36 – 38, 47 – 51, 73 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s). |
| BRITTANY J. HARRIS | 47 – 51, 73 - 74 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s) and conspiracy to commit healthcare fraud offense(s). |
| CHRISTOPHER JOSEPH FRANGELLA | 6, 52 – 60, 73 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s). |

INDICTMENT – 78

| | | |
|---|---|---|
| RICHARD RONALD WELLS | 47 – 60, 73, 97, 100 101 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s), monetary transactions in property derived from specified unlawful activity offense(s), and conspiracy to conduct monetary transactions in property derived from specified unlawful activity offense(s). |
| ALEXANDER ARCEO | 47 – 51, 73 - 74 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s) and conspiracy to commit healthcare fraud offense(s). |
| RAUL A. GONZALEZ | 1 – 3, 19 – 24, 73 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s). |
| TERESA ANN GONZALEZ | 39 – 46, 73 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s). |
| MICHELE LEE SMITH | 18, 39 – 46, 73 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s). |
| MATTHEW DAVID CARTER | 36 – 38, 61 – 70, 73 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s). |

INDICTMENT – 79
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

| | | |
|---|---|---|
| JOSE EVERARDO MEZA-AMEZCUA | 35, 73 - 74 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s) and the conspiracy to commit healthcare fraud offenses. |
| STEPHANIE STOCK | 1 – 3, 73 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s). |
| MICHAEL ADAM WHITE | 26 – 34, 71, 73 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s). |
| JASON ALLAN WESTFALL | 19 – 24, 73 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s). |
| RANDY CARL SHARP | 71, 73 - 74 | Money Judgment: A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s) and conspiracy to commit healthcare fraud offenses. |

151.    With regard to substitute assets, if any property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of any act or omission of the Defendant(s):

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

INDICTMENT – 80

e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said Defendants up to the value of the forfeitable property described herein, all pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

151.    With regard to healthcare fraud allegations, if any property subject for forfeiture pursuant to 18 U.S.C. § 982(a)(7), as a result of any act or omission of the Defendant(s):

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said Defendants up to the value of the forfeitable property described herein, all pursuant to 18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461(c).

152.    If any property subject for forfeiture pursuant to 18 U.S.C. § 982(a)(1), as a result of any act or omission of the Defendant(s):

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

INDICTMENT – 81

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said Defendants up to the value of the forfeitable property described herein, all pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c).

153. If any property subject for forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c), as a result of any act or omission of the Defendant(s):

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of

//
//
//
//
//
//
//
//
//
//
//
//

INDICTMENT – 82
S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm

1    said Defendants up to the value of the forfeitable property described herein, all

2    pursuant to 18 U.S.C. § 981(a)(1)(A), 28 U.S.C. § 2461(c), and 21 U.S.C.

3    § 853(p).

4        DATED this ___13th___ day of December, 2018.

5

6

7

8

9

10

11    _____

    Joseph H. Harrington

12    United States Attorney

13

14    _____

15    George J.C. Jacobs III

    Assistant United States Attorney

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT – 83

S:\Criforms Spokane\Indictments_Informations\01 Indictment\Indictment.dotm